### KAHM *v.* THE PEOPLE.

## 11,797.

### BRENNEMAN *v.* THE PEOPLE.

## 11,798.

### LECHNER *v.* THE PEOPLE.

Decided February 14, 1928.

Plaintiffs in error were declared to be delinquent children.

### *Reversed.*

1. CHILDREN—*Delinquent.* In a proceeding to declare children delinquent, evidence held legally sufficient to warrant a finding that the children were incorrigible, practically unmanageable by their parents, and incapable of correction or reform without the intervention of the state.

2. *Delinquent—Procedure.* Proceedings to declare children delinquent are not criminal nor penal, but civil, and should be instituted by petition, not by information.

3. *Delinquent—Procedure—Jury Trial.* In a proceeding to declare children delinquent, it is held under the facts disclosed that it was error for the trial judge to refuse a jury trial although the request came after the trial was in progress. Where defendants were not represented by counsel, the court should have notified them or their parents or friends present, that a trial by jury might be had if they wished it.

4. *Delinquent.* A simple act of delinquency does not constitute either ''incorrigibility'' or ''growing up in idleness or crime,'' as those words are used in C. L. § 654.

5. APPEAL AND ERROR—*Questions not Considered.* On review, the Supreme Court will not determine assigned errors which in the state of the record cannot be solved with fairness to the parties.

*Error to the County Court of Larimer County, Hon. G. Warren Culver, Judge.*

Mr. FANCHER SARCHET, Mr. HERBERT A. ALPERT, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

BY our so-called Juvenile Delinquency Statute a child eighteen years of age or under, who is incorrigible, or who is growing up in idleness or crime, is declared to be a delinquent. The district attorney filed in the county court of Larimer county seven separate verified informations each charging a boy, whose age brings him within the purview of the statute, with delinquency in that he is incorrigible and growing up in idleness and crime. The court combined the seven cases for trial at the same time, as a single case or proceeding, on what is said to be the same state of facts, and the findings were that all and each of the boys were delinquent and each was committed to the care and custody of the state institution provided by the statute for children adjudged to be juvenile delinquents. Four of the boys have acquiesced in the commitment. Each of the other three is contesting it and has filed a separate writ of error to the commitment judgment, all of them being represented by the same counsel, who have united in a single brief their discussion of the assignments of error in the three cases and the attorney general, acquiescing therein, has done the same. A number of assignments of error have been argued, but since we are forced to the conclusion that the commitment of

these three boys must be set aside, we consider only prejudicial error which requires a reversal.

1. The evidence in this record tends strongly to show, indeed six of the boys admitted, that for several months they had made a practice of stealing automobiles at Fort Collins. They had done this at least on eight or nine different occasions. Sometimes after joy rides to nearby towns they abandoned the cars. Sometimes they would wreck a car and leave it some distance from Fort Collins, where they had stolen it, and at other times the stolen cars would be driven back to Fort Collins undamaged where they were found by the respective owners. The evidence, including the admissions of six respondents, is legally sufficient to warrant a finding as to them that they are incorrigible, that is, practically unmanageable in their present situation and under the control of their parents when this petition was filed. By this we do not mean to say that they are absolutely impossible of correction or reformation, but only that they are incapable of being corrected or reformed without the intervention of the state.

We avail ourselves of the opportunity to suggest that, under section 656, C. L. 1921, which declares that all proceedings under the act shall be by written petition, the district attorney should not resort to an "information," but should use the word "petition" as required by the statute. Proceedings under this act are not criminal or penal, but protective and, in so far as may be, those in charge of prosecution should not make use of instrumentalities or terms that are peculiarly adapted to prosecutions for misdemeanors or crimes as such.

The opinion in *Re Solberg,* 52 N. D. 518, at page 526, 203 N. W. 898, says that the juvenile court law is not intended to operate as a criminal statute and should not be so construed, citing *Mill v. Brown,* 31 Utah, 473, 477, 88 Pac. 609, reported in 120 Am. St. Rep. 935. In *Re Hook,* 95 Vt. 497, 115 Atl. 730, 19 A. L. R. 610, statutes of this character were held enacted in the valid exercise of

the police power and are not penal but protective and are to be liberally construed. We, therefore, hold that this is a special statutory civil proceeding and not a criminal action.

2. There is a fatal defect in this judgment. If the proceeding were in the nature of a criminal action the respondents, under our Constitution, would be entitled as of right to a trial by jury. But under our Constitution trial by jury in a civil action or proceeding is not a matter of right, but our general assembly may provide for it. In section 655, C. L. 1921, which is section 54 of the original delinquency act, it is declared that in trials under this act the child informed against or any person interested in such child shall have the right to demand a trial by jury which shall be granted as in other cases, unless waived, and the judge of his own motion may call a jury. When these children were taken into custody by the sheriff and brought into court notice was given, as required by the act, to the parents or one of them of each of the seven children. The mother of one of the three children, who are plaintiffs in error in the case now before us—and it seems that she acted in behalf of all respondents—was present in court but they were not represented by counsel. The record indicates that the mother was wholly unacquainted with court proceedings and she supposed that the county court was engaged in some sort of a preliminary examination or conversation and she did not know that a trial was in progress. The trial judge had not advised the children or any of their parents or friends who were then present that a trial was in progress, or that respondents were entitled to a trial by jury if they demanded it. The proceeding or hearing was informal. Some time after the hearing or conversation began, in some way the fact was brought to the attention of this mother that the respondents were entitled to a trial by jury and she thereupon demanded the same but the court refused to grant it on the ground that this right had been waived because of neglect on the part of anyone to de-

mand a jury before the hearing began. Strictly speaking, it may be that the demand for a jury trial should have been made earlier, but since the trial judge had not advised any of the respondents or their parents or friends that a jury trial could be demanded, and considering the ignorance of the children and their parents, we feel that in their interest, and particularly the interest of the children which is always the paramount consideration in such cases, the trial court should have granted a jury trial even though there was delay in the demand for it. This of itself we consider reversible error. While there is no specific requirement of the statute that immature children or their parents should be advised by the court of their right in the premises, still, in the absence of counsel, we think that the trial court, in the circumstances of this case, should have told the children or their parents or friends present that a trial by jury might be had if they wished it.

3. The finding in case No. 11797, against Brenneman is wrong. The evidence tends to connect Brenneman with the taking of only one automobile. This, alone, does not constitute either ''incorrigibility'' or ''growing up in idleness or crime.''

4. Other errors assigned, such as that it was improper to consolidate the seven cases for trial as one action; that the findings are not specific or definite; that the initial pleading does not state a cause of action; that the court should have allowed respondents' prayer for appeal to the district court; are not considered because, in the state of the record, it is impossible with fairness, either to the state or to the respondents, to attempt their solution; and, in the event of a new hearing, the discussion of the parties in their briefs in this court may enable them to keep within the requirements of the statute.

The judgment in cases Nos. 11796 and 11798 are, and each of them is, reversed and they are remanded for a new trial which is to be not inconsistent with the views

expressed in this opinion. In case No. 11797, against Brenneman, the judgment is reversed and the cause is remanded with instructions to set aside the judgment and discharge Brenneman from custody.