No. 17,791.

LLOYD O. SPENCER, JR., *v.* PEOPLE IN THE INTEREST OF
VIRGINIA LOUISE SPENCER.
(292 P. [2d] 971)

Decided January 30, 1956.

Messrs. SEAVY & SEAVY, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Norman H. Comstock, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

This is a statutory proceeding on a petition charging plaintiff in error, respondent in the trial court, with contributing to juvenile delinquency. Such proceedings require strict adherence to the applicable statutes.

There must first be a delinquent minor before there could be a contribution to such delinquency. The legislature is empowered with the right to define a "delinquent child." Such definition has been made and is to be found in C.R.S. '53, 22-8-1 and is as follows:

"(1) This article shall apply only to children under eighteen years of age, who are not inmates of the Colorado state children's home, the state industrial schools for boys or girls, or any other state institution, except when such institution shall voluntarily petition the court to take jurisdiction in any such case.

"(2) The words 'delinquent child' shall include any child eighteen years of age or under such age who violates any law of this state or any city or village ordinance; or who is disorderly, immoral or incorrigible; or who knowingly associates with thieves, vicious or immoral persons; or who is growing up in idleness or crime; or knowingly visits or enters a house of ill repute; or who knowingly patronizes or visits any policy shop or place where any gaming devices is or shall be operated; or who drinks intoxicating liquors or visits any place where intoxicating liquors are sold; or who patronizes or visits any public pool room or bucket shop; or who is guilty of rowdyism or disorderly conduct about the streets, vacant lots or loiters thereon without being on any lawful

or proper business or occupation, or who wanders about any railroad yards or tracks or jumps onto any moving train, or enters any railroad yards, car, engine, automobile, truck or other conveyance or place without lawful authority; or makes indecent proposal or habitually uses vile, obscene, vulgar, profane or indecent language, or is guilty of disorderly or immoral conduct in any rooming house, vehicle, automobile, garage, barn, public place or in or about any school, moving picture house or place of worship or entertainment."

A petition was filed on June 14, 1955 by E. Estel Gottardi, as mother of Virginia Louise Spencer, in which she alleges the child to be fifteen years old, and that said child was delinquent for the following reasons: That Lloyd O. Spencer, Jr., respondent, took said child to Ogden, Utah and married her at that place; that at the present time he is living with her in Pueblo, Colorado; that respondent has encouraged, caused or contributed to the delinquency of said child by taking her out of the 9th grade of high school to Ogden, Utah, where he married her and by presently living with her in Pueblo, Colorado, at which times said child was under the care, custody and control of petitioner; and prayed for an order that the child be ordered returned to the home of petitioner and refrain from living with respondent, and that upon hearing, that respondent be found to have encouraged, caused and contributed to the delinquency or dependency of said child in the manner above set forth.

It is at once apparent that the petition is much broader than the statute. The acts charged by a petition must fall within the strict terms and definitions of the statute. It can at once be seen the statute does not include the act of claimed delinquency alleged in the complaint. The mere fact that the minor child left the home of petitioner and was taken by respondent to a neighboring state and was married does not show her to be a delinquent under the statute, such as to give the

court jurisdiction. Moreover, the authorities are generally agreed that a single violation of any of the acts defining delinquency is not enough upon which delinquency can be determined. It is the repetition of such acts and the frequency thereof that creates a state of delinquency or incorrigibility. *Kahm v. People,* 83 Colo. 300, 264 P. 718.

The facts are not at all in dispute. Respondent was thirty years old and the girl fifteen years of age. Under one section of our statutes C.R.S. '53, 90-1-4 a marriage between the parties here involved in the State of Colorado is declared to be void; while another section, C.R.S. '53, 46-3-1, provides: "All marriages wherein either party is under the age of eighteen years are hereby declared to be voidable." With this conflict in our statutes, you may take your choice if either suits your purpose. Whether such a marriage is void or voidable, makes no difference in the instant case, because this marriage was performed in the state of Utah. Moreover, the act of entering into a marriage contract regardless of age is not one of the statutory acts of delinquency.

Availing ourselves of the provisions of Rule 44(f), R.C.P. Colo., we have referred to title 30-1-2, Vol. 3 of the Utah Code, Annotated, 1953, and find that in the state of Utah the following marriages are prohibited and declared void: "* * * (4) When at the time of marriage the male is under sixteen or the female is under fourteen years of age." Thus the marriage here in question is valid according to the laws of Utah and is made valid by our own statute C.R.S. '53, 90-1-5, which is as follows:

"All marriages contracted without this state, which shall be valid by the laws of the country in which the same were contracted, shall be valid in all courts within this state. This section shall not be construed so as to allow bigamy or polygamy in this state.

The judgment of the trial court which determined respondent to be guilty of contributing to the

delinquency of the minor child is not supported by any allegation or any evidence that the marriage was void or that the cohabitation of the parties was illicit. The judgment of the trial court should have been one of dismissal of the petition, which petition was insufficient on its face. This Court has repeatedly held that marriages being lawful in other states are recognized as lawful and valid in the state of Colorado, and it is the public policy of this state concerning foreign marriages as expressed by the statute, that such marriages are valid if valid where performed, with the exception of bigamous or polygamous marriages. Without further discussion it is clear that respondent did not violate any statute of this state, because the girl, a minor, was not a delinquent and in such case no one could contribute to her delinquency, and the act of entering into a marriage contract, regardless of age, did not constitute an act of delinquency.

The Attorney General, appearing for defendant in error, the people, in the interest of Virginia Louise Spencer, has very commendably confessed error on the part of the trial court, and it is our order that the judgment herein be reversed and the cause remanded with directions to the trial court to dismiss the petition. This order is entered without hesitancy or reluctance, because it appears in the record that petitioner requested dismissal of the petition, but was not permitted to do so by the trial court on the theory that the interests of the child required that the matter be heard.