No. 18,392.

FRANCIS PATRICK CLERKIN *v.* LEW PAUL GEISENDORFER, ET AL., IN RE ADOPTION OF LESLIE LEE CLERKIN.
(323 P. [2d] 633)

Decided February 17, 1958.

Mr. MORRIS RIFKIN, for plaintiff in error.

Messrs. BARNARD & BARNARD, Mr. DOYTE C. DUDLEY, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

DEFENDANTS in error have moved to dismiss the writ of error sued out by plaintiff in error to review a decree of adoption entered by the County Court of Grand County, Colorado. As grounds for the motion to dismiss it is urged that the record on error here "preserves no evidence for consideration by this Court" and "that no ground for reversal is alleged or urged in the brief of plaintiff in error based upon the record in error apart from the proceedings had and evidence introduced in the trial court." It is, therefore, urged that none of the matters relied upon for reversal can properly be considered by the court.

It appears from the record before us that plaintiff in error is the father, and defendant in error, Lela Lee Geisendorfer, formerly Lela Lee Clerkin, is the mother of Leslie Lee Clerkin, the minor child whose adoption was sought by the mother and her present husband, Lew Paul Geisendorfer.

It also appears that defendant in error, Geisendorfer, filed a petition to adopt said minor child, and appended thereto was the consent of the mother. The petition alleged that the father had lost his parental rights by abandonment of said child and by reason of having failed without cause to provide reasonable support for said child for a period of twenty-two months follow-

ing a decree of divorce entered by the county court of the city and county of Denver, Colorado, in which decree the custody of the minor child was awarded to the mother. To the adoption petition the plaintiff in error filed his answer and objections to the adoption which in substance alleged that he paid for the support of the child until such time as his former wife refused to allow him to visit with said child pursuant to the order of the Denver County Court, and that the former wife refused to advise plaintiff in error of the whereabouts of the child so that the father could visit her; that in September 1956 the father discovered the whereabouts of the child and went to visit her in Granby, Colorado, whereupon the father again resumed his payments for the support of his child and has continued so to do. Plaintiff in error denied that he had abandoned his child; he further alleged that the child had been entered in school under the name of Geisendorfer and that the petitioners for adoption had "done all within their power to destroy the love and affection that the minor child has for her father."

The decree of the county court included this finding: "That the respondent, the natural father, has abandoned and failed without cause to provide reasonable support for the said minor child, *at a time* prior to the filing of the petition," and "That the interest and welfare of the said minor child will best be served by the granting of the petition." (Emphasis supplied.)

At the hearing in the county court no reporter was present, and as above stated the instant motion to dismiss the writ of error is grounded on the proposition that because there is no reporter's transcript the writ of error must be dismissed.

Rule 118 R.C.P. Colo., provides in part, "The Supreme Court shall disregard any error or defect not affecting the substantial rights of the parties."

The subject matter of the county court decree shows on its face that the welfare of the infant and her adop-

tion were the pertinent questions involved. *Dillingham v. Schmidt,* 85 Colo. 28, 273 Pac. 21.

"As frequently said, the support and education of minors, unlike ordinary civil controversies, is a matter in which the interests of the state are involved." *Norquist v. Norquist,* 89 Colo. 486, 4 P. (2d) 306.

■ In an adoption proceeding not only the custody, support and education of a minor is involved, but one or both the parents may be deprived of their rights as parents. In such cases the state has an obligation to see that the best interests of the child and its welfare are served by the decree of adoption.

Such being the law in this jurisdiction we must hold that the state has a responsibility in cases of this kind. In view of the answer filed by the plaintiff in error denying his abandonment of the minor child, and the findings of the trial court that he "failed without cause to provide reasonable support for the said minor child, at a time prior to the filing of the petition" and "that the interest and welfare of the said minor child will best be served by the granting of the petition" we are of the opinion that a court reporter should have been present to take the testimony.

■ We realize that our holding in the instant case is a departure from the ordinary civil procedure, but in view of the interest of the state in the welfare of all minors, and our duty to insure that justice shall be administered in every case within the limits of human frailty, we here announce that in all contested adoption cases the trial court shall provide a court reporter to the end that a reporter's transcript will be available in the event the case comes to this court. The contesting natural parent is by the decree of adoption in this case divested of all parental rights and obligations and the interest of the state in the minor and its welfare prompt us to announce this ruling.

It is, therefore, ordered that this case be remanded to the county court of Grand County, Colorado, for retrial,

at which time there shall be present a court reporter to record the proceedings and the evidence adduced, and in the event either the petitioners or the respondent father are dissatisfied with the findings and decree of said court, the cause may then be brought to this court on writ of error, all to the end that a full and complete transcript of the evidence produced at the trial be presented so that this court may review the findings and decree in the light of a complete and adequate record of the proceedings.

MR. CHIEF JUSTICE HOLLAND and MR. JUSTICE SUTTON not participating.