No. 19,733.

ABEL NESTOR PACHECO *v.* PEOPLE OF THE STATE OF COLORADO.

(360 P. [2d] 975)

Decided April 10, 1961.

Mr. MACK WITTY, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HALL delivered the opinion of the Court.

PLAINTIFF in error was the defendant in the trial court where he was charged with nonsupport of his wife and his minor children, to which charge he entered a plea of not guilty.

Prior to trial it appeared that the defendant was indigent and thereupon the court appointed counsel to represent him.

Defendant, through his court-appointed counsel, filed a motion requesting that a court reporter be present during the trial and make a record of the proceedings. This motion was denied by the trial judge who, in denying the motion, stated, among other things, that:

" * * * upon said trial the Court or the Clerk of the Court will take in long hand and file herein any and every objection made in behalf of the defendant, either as questions propounded to any witness, and the ruling made by the Court as to any question of law, all of which will be available as part of the record herein."

On trial before a jury the defendant was found guilty and sentenced to the state penitentiary for a period of one to five years. A motion for new trial was filed urging, among other matters, that prejudicial error resulted in the failure of the court to have a reporter present during the proceedings so that the same might be reviewed on writ of error. This motion was denied.

The defendant is here by writ of error seeking reversal and urges as reasons therefor, among other things, that it was error to refuse to have a reporter present so that the case might be properly reviewed by this court.

Commendably, the attorney general, in lieu of filing an answer brief, has filed herein a CONFESSION OF ERROR in which he admits that it was reversible error for the court to refuse to provide a reporter so that a transcript might be made to the end that the case might be properly reviewed in this court, and refers to

*Griffin v. Illinois,* 351 U.S. 12, 76 S. Ct. 585, 100 L. ed. 891, wherein it was held to be reversible error to fail to supply an indigent defendant with a transcript of the trial proceedings so that he might have the same reviewed on appeal.

■ Since it is the duty of the state to provide a free transcript to an indigent defendant who seeks to perfect an appeal from a conviction, it necessarily follows that it was the duty of the court to provide a court reporter in order that a transcript might be prepared. *In re Patterson,* 136 Colo. 401, 317 P. (2d) 1041.

For the reason that a court reporter was not provided, especially when requested by the defendant, and no transcript of the trial court proceedings made available to the defendant for review, the judgment of the trial court is reversed and the cause remanded for retrial, with a reporter present to make a complete record of the trial proceedings.