No. 19,649.

Loyd Herren *v.* The People of the State of Colorado.
(363 P. [2d] 1044)

Decided August 14, 1961.

Mr. Charles A. Karowsky, Mr. William L. West, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where the plaintiff in error was defendant in a criminal action originally brought in the Justice of the Peace Court for speeding. He was convicted in the Justice Court and appealed to the County Court. Upon trial in the County Court, in a document entitled "Findings of Fact," the court found the defendant guilty of speeding and imposed a fine of $45.00, reciting therein that if a motion for new trial was filed it would be denied.

Defendant filed with the Clerk of the County Court a designation of the record on error. When he sought the reporter's transcript to be included in the record, the judge of the County Court filed in that court an affidavit, in paragraph 3 of which it is stated:

"That no reporter or Jury was ask [sic] for, and none was furnished. That an observer, Mrs. Rosella G. Appleman, was present in Court and made notes on said trial. A verbatim transcript of her notes is submitted herewith."

The so-called verbatim notes of what was observed consist of a very sketchy summary of the proceedings. There was no contention that the "observer" attempted to take down the questions and answers and other proceedings verbatim.

Counsel for the defendant filed an affidavit in answer to the statement by the court that no reporter was requested, saying that, "At the time trial commenced, Affiant observed an employee of the Court sitting in the Courtroom, taking notes in a shorthand notebook, and Affiant assumed that said employee was a Court Reporter * * *." It is the position of the defendant that if it is incumbent upon him to request a shorthand reporter to be present during the trial, his failure to ask for a reporter was based upon the assumption that the person sitting where a reporter usually is to be seen, was in fact a reporter.

Because there is no record in this court upon which review may be had, the only question posed by this writ of error is whether the failure of the defendant to demand a reporter calls for application of the presumption that the trial proceedings were regular and correct and the judgment must therefore be affirmed. The Attorney General contends that this court can do no more than affirm the conviction, and in support of his position cites *Pettit v. People,* 24 Colo. 517, 52 Pac. 676; *LaPlant v. Axelson,* 72 Colo. 95, 209 Pac. 637; *Brennan v. Colorado Springs,* 133 Colo. 301, 295 P. (2d) 686. In those cases the holding was that there being no record from which the validity of the proceedings in the trial court could be determined, this court could not assume that error had been committed, hence the judgments were affirmed. However, the facts in those cases differ in that there was no failure to have a reporter present in the trial court. The dereliction of duty which was there charged to the plaintiffs in error was the failure to prepare and include in the record before this court a reporter's transcript, which with diligence could have been obtained.

In *Clerkin v. Geisendorfer,* 137 Colo. 139, 323 P. (2d) 633, where the County Court was sitting as a Juvenile Court in a contested adoption, we announced that because of the interest of the state in the welfare of the minors, and to insure that justice will be administered in every case, "that in all contested adoption cases the trial court shall provide a court reporter to the end that a reporter's transcript will be available in the event the case comes to this court."

As to the necessity for a reporter in criminal cases, we now deem it incumbent to say that unless it appears that a defendant has expressly waived the presence of a reporter the county must furnish a reporter in all criminal cases.

The county court is a court of record. Article VI, Sec. 23, of the Constitution of the State of Colorado.

C.R.S. '53, 39-7-27, declares that writs of error in criminal cases are "writs of right." A writ of error lies directly from the county court to the Supreme Court in all criminal cases. Appeal to and subsequent trial de novo in the district court does not apply in criminal cases in the county court. C.R.S. '53, 37-7-5.

It has been said that the reason for the creation of courts of record is founded on the proposition that judicial records are not only necessary but indispensable to the administration of justice. The court hears arguments and decides upon its records; it acts by its records; its openings, sessions and adjournments can be proved only by its records; its judgments can be evidenced only by its records. The acts of a court of record are known by its records alone and cannot be established by parol testimony. The court speaks only through its records, and the judge speaks only through the court.

The statutes on criminal procedure in the county court provide such proceedings to be the same as in the district court. Decisions of this court point up the necessity of a reporter's transcript where this court is required to review the propriety of judgments of a trial court. It is, therefore, apparent that a reporter plays a vital role in criminal trials. We have heretofore held that an indigent defendant is entitled to a reporter's transcript without charge. *In Re Patterson,* 136 Colo. 401, 317 P. (2d) 1041. By necessary implication a reporter would have to be present or no such order would be effective. Recently, in *Pacheco v. People,* 146 Colo. 200, 360 P. (2d) 975, the Attorney General confessed error because of the trial court's failure to provide a court reporter. That in Pacheco the defendant was indigent does not mean that one not a pauper is not entitled to the presence of a reporter to record the testimony unless he demands it.

The judgment of conviction is reversed and the cause remanded to the County Court with directions to grant

the defendant a. new trial to be conducted in harmony with the views herein expressed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ do not participate.