No. 20886.

JOHN DOE (MINOR NAME WITHHELD) *v.*
THE PEOPLE OF THE STATE OF COLORADO
IN THE MATTER OF INQUIRY CONCERNING THE MINOR.
(398 P.2d 624)

Decided February 1, 1965.

312

Frank G. Cooley, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

PLAINTIFF in error seeks to have this court set aside a decree of the Rio Blanco County Court, finding him a delinquent child as defined in 22-8-1, C.R.S. 1963.

In the summary of argument he sets up three points: 1. That the county court is a court of record, but no reporter was present during the trial and no verbatim record of the proceedings was made, thus precluding proper review in this court; 2. that the status of delinquency cannot be established by one act or episode; 3. that the decree is based on hearsay.

We treat each of the points in the order named.

1. *The Question of the Necessity of a Court Reporter.*

■■ In view of the previous pronouncements of this court, there should be no doubt remaining that in cases of this kind a verbatim record of the proceedings and evidence shall be maintained unless expressly waived. *Clerkin v. Geisendorfer,* 137 Colo. 139, 323 P.2d 633; *Herren v. People,* 147 Colo. 442, 363 P.2d 1044. (See also Colorado Session Laws 1964, chapter 45, section 35, re county courts, enacted subsequent to the trial of this cause.) In the case at bar there has been furnished to this court a record, which, though lacking a transcript of the proceedings, is not challenged as to its accuracy. Furthermore, there is no claim by plaintiff in error of prejudice by reason of the dereliction of the county court to follow our directive as contained in the *Clerkin* and *Herren* cases, *supra.*

No good purpose would be served, under the circumstances disclosed by the record, in remanding this cause for retrial. A retrial is not sought, and because this court, as a matter of law, cannot on the record here order the case dismissed, retrial would be the only relief available. It would not be in the best interests of the child to order one. The child involved is now two years older, and this court has been advised by counsel that the conditions of the decree have been faithfully performed by plaintiff in error.

## 2. *The Question Whether Delinquency can be Established by a Single Act or Episode.*

In 22-8-1(2), C.R.S. 1963, a delinquent child is defined as any child who has violated either once or more than once any laws or municipal ordinances other than state traffic or game and fish laws or regulations or municipal traffic ordinances. It was under that definition that the proceedings were held in the county court. Other definitions in the same section do not apply here.

It is contended that the decision of this court in *Spencer v. People,* 133 Colo. 196, 292 P.2d 971, precludes a finding of delinquency on a single violation of a state law. In the Spencer case, the following statement is relied upon in this assignment of error:

"* * * Moreover, the authorities are generally agreed that a single violation of any of the acts defining delinquency is not enough upon which delinquency can be determined. It is the repetition of such acts and the frequency thereof that creates a state of delinquency or incorrigibility. *Kahm v. People,* 83 Colo. 300, 264 P. 718."

This language cited as authority was not the ratio decidendi in the Spencer case. It was pure dictum. The Kahm case, which was cited in support of the proposition, did not hold that a single violation of the law cannot create a status of delinquency. The Kahm case said that a single act does not establish "incorrigibility" or "living a life of crime." The statute in force at the time of the Spencer case has been repealed, and the definition here under attack was enacted by the legislature in 1960. Among the significant changes made in the law, the legislature changed the previous definition. Whereas C.R.S. '53, 22-8-1, defined a delinquent child as *including* any child under eighteen years of age "who violates *any* law of this state or any city or village ordinance," the legislature subsequently placed in the amended definition the words "has violated *either once or more than once,* any state law or municipal ordinance, * * *" (C.R.S. '63, 22-

8-1). We are convinced this was a legislative repeal of the dictum in the Spencer case.

Moreover, we are not, in this case, confronted with a single violation of a law, but rather a violation of several laws in the course of a one-night rampage, with acts of vandalism which disclosed a flagrant disregard of law and order and the property rights of others.

3. *The Question of Whether Hearsay Evidence Received by the Court was Reversible Error.*

██ The decree of the court contained a number of conditions to be fulfilled during the period of probation granted to plaintiff in error. One was that full restitution be made to persons whose property was damaged by plaintiff in error. The value of the property involved was not established by the owners, but was communicated to the court by the sheriff, who said he obtained his information from the various owners. The obtaining of this information by the sheriff, and the transmission to the judge of what was told him, is without doubt a prime example of hearsay. However, only the acts and not the value of the property was material to the determination by the court of delinquency.

██ Information which will assist the court in determining the sanction to be imposed, or upon which the court relies in fashioning conditions of probation, can be obtained by the court in a variety of ways, none of which need comply with the rules of evidence. If there was evidence that the value of the property destroyed was different from that which the court ordered to be paid to the victims of the vandalism, it should have been presented to the court in the motion to vacate its decree.

The judgment and decree of the court is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE FRANTZ concur.