518 P.2d 300 (1974)
In re the MARRIAGE OF Darlene ARMBECK, Plaintiff-Appellee, and
Barry Armbeck Defendant-Appellant.
No. 73-318.
Colorado Court of Appeals, Div. II.
January 8, 1974.
No appearance for plaintiff-appellee.
Barry Armbeck, pro se.
Selected for Official Publication.
ENOCH, Judge.
Defendant-appellant Barry Armbeck, appearing pro se, appeals from a judgment distributing marital property and determining child custody in conjunction with a decree granting dissolution of marriage. We affirm.
From a careful study of the brief, it appears that appellant has raised four legal issues on review: (1) the court apportioned the marital property improperly; (2) custody of the two children should not have been granted to appellee; (3) the trial judge who interviewed the children in chambers failed to make a record of that interview as required by 1971 Perm.Supp., C.R.S.1963, 46-1-26; (4) the trial judge should have excused himself because of alleged bias favoring appellee.
It is settled law in Colorado that property settlements and custody awards *301 are matters to be determined within the sound discretion of the trial court. Carlson v. Carlson, Colo., 497 P.2d 1006; Graves v. Graves, 171 Colo. 20, 464 P.2d 291. Although the proceedings in this case were more informal than is desirable, we find no abuse of discretion. There is evidence that the family home was purchased by appellee with the proceeds of the sale of a home which she owned prior to the marriage, and thus was not "marital property" within the meaning of the statute. 1971 Perm.Supp., C.R.S.1963, 46-1-13. The evidence also shows that appellee had contributed substantially to the purchase of other property distributed by the court.
Appellant's third allegation of error is predicated on 1971 Perm.Supp., C.R.S.1963, 46-1-26, which states:
"(1) The court may interview the child in chambers to ascertain the child's wishes as to his custodian. The court may permit counsel to be present at the interview. The court shall cause a record of the interview to be made and it shall be made part of the record in the case."
Though the language of the statute is mandatory in form, the obvious purpose of making a record is for the benefit of the parties. We hold that the requirement of making a record, i.e., a verbatim transcript, of the interview between the court and children may be waived either expressly or by implication. In this case the judge carefully explained to the parties that he wished to interview the children in the presence of counsel and, in order to avoid damaging the children's relationship with their parents, would instruct counsel not to report any of the proceedings to either party. Appellant was represented by counsel at that time and no objection to this procedure was made. The judge summarized the results of his conference in open court and indicated that the children loved both parents very much. Under these circumstances we hold that there was a waiver of the requirement by implication and it is not reversible error that a verbatim transcript was not made of the interview. See Doe v. People, 156 Colo. 311, 398 P.2d 624. See also Rayer v. Rayer, Colo.App., 512 P.2d 637.
The record contains no evidence to support appellant's allegation of bias on the part of the trial judge.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.