**In re the MARRIAGE OF: Paulette G. STEDMAN, Appellee and Cross-Appellant,**

**and**

**William R. Stedman, Appellant and Cross-Appellee.**

**No. 79CA0973.**

Colorado Court of Appeals, Div. II.

April 16, 1981.

Rehearing Denied June 11, 1981.

Clawson & Potter, P. C., Millen C. Clawson, H. Clifford Potter, Colorado Springs, for appellee and cross-appellant.

Quigley, Palermo & Warren, P. C., Robert B. Warren, Colorado Springs, for appellant and cross-appellee.

ENOCH, Chief Judge.

Both husband and wife seek review of the trial court's judgment as it relates to the final orders entered pursuant to a decree of dissolution of marriage. We reverse.

The husband, an American serviceman, and the wife, a French citizen, were originally married in Louley, France, in October 1958. In July of 1965, they were divorced, pursuant to an Ohio court decree. The parties were remarried in August 1966, in New York. That marriage was dissolved pursuant to the decree of dissolution here at issue.

At the dissolution hearing, issues of custody and child support were not contested by the parties, and though requested by the wife, she was denied spousal maintenance. Custody, support, and maintenance are not challenged in this appeal. Rather, the issues on appeal concern the property division made by the court.

The court determined that at the time of the hearing, the husband had in his possession property, which the court classified as marital, consisting of: nine $10,000 certifi-

cates of deposit, together with $5,623 in accumulated interest on those certificates; $10,954 in various stocks; life insurance policies with a cash surrender value of $3,101; and $2,999 in a savings account. The balance of the marital property, as determined by the court, consisted of the following: the family home, valued at $40,000, $28,500 of which was unencumbered; a car valued at $3,000; furnishings valued at $4,000; and $5,600 in savings. This property was found to be in the possession of the wife. The court ordered that the husband retain as separate property certain stocks and that the wife retain as separate property a $10,000 treasury note and a $6,000 certificate of deposit.

In the court's division of the marital property, the wife was awarded the $5,600 in savings, the furnishings, the home, the car, and the sum of $35,788.50 which was to be paid within 15 days. This was, as the court intended, an equal division of the marital assets.

## I.

 We first consider whether the trial court erred in determining that property acquired prior to the second marriage was marital property. This issue requires consideration of the effect of the prior marriage between the parties.

Section 14–10–113(2), C.R.S. 1973, provides that: " 'marital property' means all property acquired by either spouse *subsequent* to *the* marriage . . . ." (emphasis added) Therefore, unless the parties have evidenced a contrary intent, any property acquired by the parties prior to the marriage which is being dissolved may not be declared marital property. This is true even as to property acquired by the parties during a prior marriage to one another. *Cf. McDaniel v. Thompson*, 195 S.W.2d 202 (Tex.Civ.App. 1946). Disposition of property acquired in a prior marriage between the

parties must be determined by reference to the division made pursuant to the termination of that marriage.

 Here, there was no declaration by the court of property rights in the Ohio divorce. As we perceive the law to be in Ohio, however, there was a disposition of the property as a matter of law. In Ohio, property acquired by each spouse is his or her own, and, absent a holding in joint title or a discretionary division by the court, is his or her separate property upon divorce. *See* Ohio Rev. Code Ann. §§ 3103.04, 3103.-07, 3105.10, 3105.18. *See also* Krauskopf, *Divisible Divorce & Rights to Support, Property, & Custody*, 24 Ohio St. L.J. 346 (1963). Therefore, in this case, property determined to have been acquired by either party during the first marriage and not held in joint title is the separate property of the respective parties and should be identified as separate property by the court in the second marriage.

 The record reveals that the husband had acquired, prior to the second marriage, stock in the Government Services Savings & Loan and seven insurance policies. These items were acquired by the husband at various times; before, during, and after the first marriage. The trial court held that these assets were marital property.[1] This was error.

These items, having been acquired by the husband prior to the second marriage, and not having been affected by the Ohio divorce, should have been declared, to the extent of their value at the time of the second marriage, the separate property of the husband. However, any increase in the value of the stock and the policies, from the time of the second marriage to the time of the instant dissolution, is marital property and subject to division. Section 14–10–113(4), C.R.S. 1973.

---

1. Five of these insurance policies, with a cash surrender value of $21,632.62, were encumbered by loans that the trial court found were reinvested in the certificates of deposit. To avoid double counting of these assets, the trial court counted the encumbered portions of the cash surrender value with the certificates of deposit. Those certificates, as noted, were found by the trial court to be marital property. The remaining two policies had a cash surrender value of $3,101, and as noted, the trial court found this amount to be marital property.

■ We note that because some monies invested in the certificates of deposit are traceable to the proceeds of the insurance policy loans, that amount, minus any increase accruing after the second marriage, is the separate property of the husband. *See* § 14–10–113(3), C.R.S. 1973.

## II.

■ The husband claims that in addition to the stock and insurance policies discussed above, he brought into the second marriage over $40,000 in savings. The record, however, does not indicate that any property disposed of by the trial court, other than the stocks and insurance policies noted and some property already determined by the trial court to have been the husband's separate property, was acquired prior to the second marriage. The presumption is that property acquired during the marriage at issue is marital. Section 14–10–113(3), C.R.S. 1973. And while a party may trace property acquired during the marriage to have been purchased with his separate property, thus maintaining its separate property character, *see* § 14–10–113(3), C.R.S. 1973, the husband has failed to do so here as to the claimed $40,000 in savings. *See generally In re Mariage of Armbeck*, 33 Colo.App. 260, 518 P.2d 300 (1974).

## III.

■ The husband challenges the trial court's classification of the $6,000 certificate of deposit and the $10,000 treasury bond as the separate property of the wife. We find that the husband did not raise the question of the classification of the $6,000 certificate in his motion for new trial and, thus, may not assert such error on review. C.R.C.P. 59(f). In any event, there is sufficient evidence to support the trial court's findings on that issue.

■ We do find as properly preserved, and are in agreement with, the husband's contention that the evidence does not support the classification of the $10,000 treasury bond as the wife's separate property. Testimony of the wife was that that asset was derived from her salary during the marriage. Thus, it was error for the trial court to find that such asset derived from a gift from the wife's parents. Accordingly, this treasury bond was marital property and should have been considered by the court in its division of marital property.

## IV.

■ On cross-appeal, the wife argues that the trial court erred in failing to include in the marital estate a $20,000 debenture claimed to be held by the husband. In its findings and order, the trial court found that the $20,000 debenture had been reinvested into the certificates of deposit. We do not find support for this finding in the record. Rather, in answers to interrogatories made a part of the record, the husband indicates that the debenture was not reinvested but, at the time of the hearing, was an existing asset that had been acquired during the marriage. Finding, however, the record inconclusive on this issue, we remand this issue for further hearing and determination by the trial court. If the $20,000 debenture existed at the time of the dissolution hearing, it would, according to the evidence presented, have been marital property and therefore subject to division.

## V.

The husband also challenges the trial court's finding that a separation agreement entered into by the parties was not binding. We find no error.

■ Although public policy encourages settlement agreements, *Higby v. Higby*, 538 P.2d 493 (Colo.App.1975) (not selected for official publication), such agreements will not be approved by the court when they are unconscionable. Section 14–10–112, C.R.S. 1973. *See also Jekot v. Jekot*, 32 Colo.App. 118, 507 P.2d 473 (1973). The record supports the trial court's finding that the husband concealed certain assets at the time the agreement was made. Therefore, the trial court did not err in finding that there was not a binding agreement between the parties.

**1052**

We have considered the remaining issues raised in this appeal and find them to be without merit.

 Although the issues of maintenance and child support were not appealed, they are so closely interwoven with property division that the judgment as to each of these issues is reversed also and the cause is remanded for redetermination and entry of new orders consistent with the views expressed in this opinion. *See In re Marriage of Campbell*, Colo.App., 599 P.2d 275 (1979). However, we direct that the present order for child support shall remain in effect pending further order of the trial court.

BERMAN and KIRSHBAUM, JJ., concur.