**Beth McCANN, Manager of Safety, City and County of Denver, and the Denver Police Department, Plaintiffs–Appellees,**

v.

**Gilbert LETTIG, Defendant–Appellant.**

No. 94CA0638.

Colorado Court of Appeals, Div. V.

Sept. 26, 1996.

Rehearing Denied Oct. 31, 1996.

duty work, not coming to the aid of a fellow police officer, communicating information concerning cases under investigation to private parties, and departing from the truth with regard to official business.

Defendant appealed his termination to the Commission, which, pursuant to the Denver City Charter (the Charter), appointed a hearing officer. Denver City Charter § C5.73–2(3). Following an evidentiary hearing, the hearing officer affirmed defendant's termination, specifically finding that defendant had violated all four departmental rules set forth in the Department's notice of disciplinary action and concluding that termination was the appropriate level of discipline for these violations.

Defendant then appealed to the full Commission as permitted by the Charter. *See* Denver City Charter §§ C5.73–2(6) and (7). After hearing oral argument from counsel, the Commission reversed defendant's termination and substituted a twenty-one month suspension without pay.

Plaintiffs commenced these proceedings pursuant to C.R.C.P. 106(a)(4), seeking review of the Commission's decision on the grounds that the Commission exceeded its jurisdiction in reducing the sanction. The trial court reversed.

The sole issue on appeal is whether the trial court erred in reversing the Commission's decision and in reinstating that of the hearing officer terminating defendant's employment. We conclude that remand to the Commission for further proceedings and findings is required.

■ The trial court's scope of review in a C.R.C.P. 106(a)(4) proceeding is strictly limited to determining whether the Commission exceeded its jurisdiction or abused its discretion. *City of Colorado Springs v. Givan,* 897 P.2d 753 (Colo.1995). On appeal, this court is in the same position as the trial court, *Empiregas, Inc. v. County Court,* 713 P.2d 937 (Colo.App.1985), and we must determine whether the Commission applied an erroneous legal standard or if there is no competent evidence to support the Commission's decision. *See City of Colorado Springs v. Givan, supra.*

Daniel E. Muse, City Attorney, John R. Palermo, Assistant City Attorney, Denver, for Plaintiffs–Appellees.

George C. Price, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

In this C.R.C.P. 106(a)(4) action, plaintiffs, Beth McCann as Acting Manager of Public Safety of the City and County of Denver and the Denver Police Department (the Department), sought judicial review of the decision of the Denver Civil Service Commission (the Commission) reinstating defendant, Gilbert Lettig, a Denver police officer, to his employment with a twenty-one month suspension without pay. The district court reversed the reinstatement order, and defendant appeals that ruling. We vacate the judgment and remand with directions.

Defendant served as a police officer from October 1989 until August 1991 when the then Acting Manager of Public Safety dismissed him for violating several Department rules and regulations. The violations included failing to seek permission to engage in off-

The Charter requires that the Commission appoint a hearing officer to hear the appeal. Denver City Charter § 5.73–2(3). The hearing officer is required to hold a hearing at which the employee and the City may present evidence. With respect to the hearing officer's review, the Charter provides as follows:

> In reviewing the disciplinary action, the hearing officer shall give due weight to the necessity of the maintaining by the Chief of administrative control of his department. The hearing officer shall review the full record before him or her and shall make written findings, affirming, reversing, or modifying the disciplinary action in whole or in part. The hearing officer's decision shall be filed with the commission. . . .

Denver City Charter § C5.73–2(5).

The Charter governs and limits the Commission's review of a hearing officer's decision to four grounds:

> (a) new and material evidence is available that was not available when the appeal was heard by the hearing officer, (b) the decision of the hearing officer involves an erroneous interpretation of departmental or civil service rules, (c) the decision of the hearing officer involves policy considerations that may have effect beyond the case at hand, or *(d) the discipline affirmed or imposed by the hearing officer is inconsistent with discipline received by other members of the department under similar circumstances.*

Denver City Charter § C5.73–2(7) (emphasis added).

Within these limits, the Commission may reverse or modify the hearing officer's decision so long as the level of discipline imposed is not more severe than that imposed by the hearing officer or the Manager of Public Safety. *See* Denver City Charter § C5.73–2(7).

Here, the record reveals that defendant appealed the decision of the hearing officer to the Commission on several grounds, but relied, almost exclusively, on the ground that the hearing officer's decision with respect to sanction was not consistent with the disciplinary treatment of similarly situated officers. The Commission concluded, in general terms and without reference to other discipline, that defendant's violations "[did] not justify the severe penalty of discharge."

The crux of defendant's argument is that it is implicit in the record that the Commission's decision to reinstate defendant subject to a suspension without pay was based upon the permissible ground that the level of discipline imposed by the Manager of Public Safety and affirmed by the hearing officer was inconsistent with, and more severe than, discipline imposed on other policemen under similar, if not more severe, circumstances.

Inasmuch as this is a permissible basis for the Commission to reverse or modify the hearing officer's decision, the dispositive issue under C.R.C.P. 106(a)(4) is whether the Commission's decision nonetheless must be reversed on grounds that it represents an abuse of the Commission's exercise of its discretion.

■ An administrative body's decision may be reversed only if there is no competent evidence to support the decision. "No competent evidence" means that there is an absence of evidence in the record to support the ultimate decision of the administrative body, and hence, the decision can only be explained as an arbitrary and capricious exercise of authority. *Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304, 1309 (Colo. 1986).

It is apparent that, while appeal from an action of the Manager of Public Safety is to the Commission, the proceedings before the Commission are bifurcated. The Commission is required to appoint a hearing officer randomly from a pool of pre-qualified persons. The hearing officer is required to conduct a hearing and "make written findings, affirming, reversing, or modifying the disciplinary action in whole or in part," issue findings of fact, and impose a sanction. Denver City Charter § C5.73–2(5).

While the hearing officer has authority over sanctions, it is apparent that the primary function of the hearing officer is to make an independent inquiry into the conduct of the police officer and the rules of the

Department to assure that a basis for disciplinary action exists. The Commission is bound by the factual findings of the hearing officer, and it may not resolve disputed issues of fact. Denver City Charter § C5.73-2(7).

It is equally apparent that the Commission is authorized to review the sanction in a manner not specifically contemplated in the hearing officer's review. That is, the Commission may review it for consistency with discipline imposed on others. Denver City Charter § C5.73-2(7). This review is appropriate as it accords to the Department considerable discretion in imposing disciplinary sanctions, the Commission is the final decision maker within the City and County of Denver with administrative responsibility for the integrity of the personnel system, and the Commission has records of prior disciplinary matters.

Here, the proceeding before the Commission was limited to oral argument, the primary focus of which was inconsistent treatment and during which there was considerable discussion about prior disciplinary proceedings. It is apparent from the record that the Commission was certainly familiar with disciplinary proceedings which had previously been held before it and had considerable familiarity with matters which had come to its formal attention. Moreover, records of prior disciplinary sanctions are maintained by the Department, the Manager of Public Safety, the Commission, or all three; and, on a limited basis, such records were available to the parties.

Here, however, the records were not formally accepted into evidence before the Commission even though defendant's counsel requested the Commission take administrative notice of them, and, further, the final decision of the Commission does not contain any analysis as to how it concluded, or what it considered in concluding, that the defendant's conduct did not warrant dismissal.

In addition, the Commission apparently operates under the false impression that, because of the language of Denver City Charter § C5.73-2(7), it cannot accept any evidence regardless of the issue to which the evidence is addressed.

The review by the Commission is a review of the proceedings before its hearing officer and is the first level of review at which the consistency of sanction with that of other officers is made specifically reviewable. We conclude that Denver City Charter § C5.73-2(7) does not preclude the Commission from receiving into evidence records of prior disciplinary actions to assist it in making its determination of consistency in disciplinary sanction. Nor does it prohibit the Commission from taking administrative notice of its own records with respect to sanctions imposed in prior disciplinary actions. Denver City Charter § C5.73-2(6) permits the filing of documents with the Commission by leave of the Commission.

Since evidence concerning other disciplinary proceedings was not formally admitted before the Commission, strict application of the *Givan* standard would dictate that we affirm the district court's reversal of the Commission's order. However, inasmuch as the Commission was acting under the mistaken view that it could not admit any evidence, we conclude that the matter should be remanded for further proceedings. *See generally American Factors Associates, Ltd. v. Triangle Heating & Sheet Metal Co.,* 31 Colo.App. 240, 503 P.2d 163 (1972) (where evidence on relevant issue was not presented because of erroneous trial court ruling, cause remanded for further proceedings).

The judgment is vacated and the cause is remanded to the Commission for further proceedings consistent with this opinion and for entry of further findings and conclusions with respect to the consistency of the disciplinary sanction imposed by the Manager of Public Safety and the hearing officer.

RULAND and CASEBOLT, JJ., concur.