John MARTINEZ, Plaintiff–Appellant,

v.

**BOARD OF COMMISSIONERS OF THE HOUSING AUTHORITY OF THE CITY OF PUEBLO, Defendant–Appellee.**

No. 98CA1675.

Colorado Court of Appeals,
Div. V.

Nov. 26, 1999.

Cornish & Dell'Olio, Craig M. Cornish, Melissa L. Phillips, Colorado Springs, Colorado, for Plaintiff–Appellant.

Petersen, Fonda, Farley, Mattoon, Crockenberg, Garcia & Mattoon, P.C., Jill S. Mattoon, Pueblo, Colorado, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this C.R.C.P. 106(a)(4) action for judicial review of an alleged abuse of discretion by the Board of Commissioners of the Housing Authority of the City of Pueblo (Board) in imposing disciplinary sanctions, plaintiff, John Martinez, appeals from the trial court's affirmance of the Board's decision. We affirm.

Plaintiff received a written reprimand from his supervisor based on allegations that he had made disparaging remarks to co-workers in violation of the Housing Authority rules and procedures. Disciplinary sanctions also were imposed. He then filed a grievance with the Board denying the allegations and protesting the disciplinary action.

Following a hearing, the Board found that plaintiff had made disparaging remarks to and about his co-workers and that he had been counseled concerning earlier, similar statements, but had continued to engage in the same behavior. The Board then determined that plaintiff should be suspended from work for four days without pay and be evaluated by a competent source to determine if he needed counseling.

Plaintiff appealed this decision to the district court, arguing that, because the Board had not tape recorded the hearing and could not supply a written transcript, the decision should be reversed or the case remanded for a new hearing which would be recorded. The court determined that a verbatim transcript was not a requirement for review under C.R.C.P. 106(a)(4) and that the written record was sufficient to afford meaningful review. The court then determined that the record supported the Board's decision and that, therefore, it did not abuse its discretion in docking plaintiff's pay and ordering an evaluation.

I.

■ Plaintiff contends that the trial court erred in determining that a verbatim written transcript of the hearing was not required for review under C.R.C.P. 106(a)(4). He argues that, because meaningful review is not possible without such a transcript, the lack of a transcript should be considered per se reversible error. We disagree.

■ We decline to adopt such a rule and instead conclude that whether review of an agency's actions is meaningful depends on whether the record contains sufficient competent evidence to support its decision. This does not necessitate a complete written transcript of the evidentiary phase of a proceeding before an agency. Rather, we conclude that it simply requires that there be a record that accurately and fully reflects the evidence relied upon and the findings of fact and conclusions of law from the agency's proceedings so that a reviewing court is able to determine, upon the state of the record before it, whether, as relevant here, the agency's actions were arbitrary and capricious. We further conclude that the record here contains competent evidence to support the Board's decision.

A.

We reach this conclusion by noting first that a written verbatim transcript has not been deemed a requirement for meaningful review in other contexts. *See Schaffer v. District Court,* 719 P.2d 1088 (Colo.1986);

*Almarez v. Carpenter,* 173 Colo. 284, 477 P.2d 792 (1970).

In *Almarez,* plaintiffs seeking judicial review of the decision·in their civil case sought to obtain a written transcript of the trial without cost. The district court denied their request. The supreme court affirmed the decision determining that, under C.A.R. 10(c), (d), and (e), a written transcript was not a necessity for judicial review. Indeed, the court determined that such rules were promulgated specifically to reduce the cost of appellate review and to conserve the court's resources by allowing alternate methods of furnishing the trial court record.

In *Schaffer v. District Court, supra,* a claimant seeking judicial review of an agency action requested permission to proceed *in forma pauperis* and sought, *inter alia,* a waiver of the fee for the cost of preparing a transcript of the administrative hearing. The district court denied the request for a waiver. Its decision also was affirmed by the supreme court.

In affirming this decision, the court determined that § 24–4–106(6), C.R.S.1999, setting forth requirements for submitting the record on review, did not mandate a verbatim written transcript of the evidentiary phase of the proceedings. Rather, the court, relying on *Almarez v. Carpenter, supra,* determined that meaningful judicial review could be obtained by alternative methods to submitting a verbatim written transcript, such as submission of a statement of simplified facts similar to the simplified record described in C.A.R. 10.

Similarly, we find no requirement under C.R.C.P. 106 that mandates submission of a verbatim transcript for judicial review.

Further, the cases cited by plaintiff in support of a rule requiring a verbatim transcript are inapposite. In *Herren v. People,* 147 Colo. 442, 363 P.2d 1044 (1961), a court reporter was required to record the proceedings for criminal prosecution of traffic offenses under the statute in effect at the time unless a defendant expressly waived the presence of the reporter. Thus, the absence of the court reporter and a transcript was reversible error.

Further, in *Clerkin v. Geisendorfer,* 137 Colo. 139, 323 P.2d 633 (1958), the court, acknowledging a departure from ordinary civil procedure, found reversible error in the failure to transcribe proceedings in a contested adoption case. The court based its determination on the protected rights of a natural parent in cases such as these and the interest the state has in the welfare of minors.

Here, neither criminal procedure nor heightened protection of fundamental rights is involved. Thus, because C.R.C.P. 106 does not mandate the submission of a verbatim transcript for judicial review of an agency action and because a need for heightened protection is not present, we conclude that a per se rule requiring such transcript is not necessary to conduct a meaningful review.

**B.**

█ Plaintiff asserts, however, even if a verbatim transcript is not mandated by C.R.C.P. 106, the burden placed on him here to establish prejudicial error without such a transcript is so great that a rule requiring such transcript, nevertheless, is necessary. Plaintiff argues that, without such requirement, he is forced to speculate as to what to present in an affidavit seeking a new hearing. In the alternative, he argues, he must include so much information based on reconstructing, from memory, the questions, answers, and demeanor of the witnesses, their cross-examination, if any, and examples of violations of due process and lack of competent evidence, that he is, in effect, being required to recreate the hearing. We disagree. It would not have placed an undue burden on plaintiff, under the circumstances here, to have produced an affidavit containing sufficient allegations and evidence to raise questions concerning whether competent evidence had been presented in support of the agency's decision.

Here, the record submitted for review consisted of the witnesses' written statements, a written copy of plaintiff's opening statement, the initial letter of reprimand to plaintiff, plaintiff's official grievance form, and the responses to and the disposition of the grievance. This evidence, as well as written min-

utes of the Board hearing summarizing each witness' testimony and the proceedings, and its written findings and order, also were transmitted to the district court for review.

However, in his affidavit submitted to the district court, plaintiff contended only that the written minutes of the meeting, summarizing the testimony and proceedings, were "inaccurate," "omitted facts," and "inaccurately reflected some testimony."

Although it is not necessary that a party challenging the accuracy of the record reconstruct in its entirety the testimony presented or recreate in full the hearing as he or she remembers it, it is essential, at a minimum, to allege that inaccuracies exist in the record and to describe the nature of such inaccuracies. However, plaintiff did not indicate how the summary was inaccurate or specify what, if any, facts were omitted.

Even more importantly, it would have been a simple matter here to aver, for example, that the written statements of the witnesses submitted to the Board varied in a material manner from their testimony at the evidentiary hearing, or that the statements were inadmissible hearsay because they lacked reliability. However, plaintiff has not challenged—before the Board, in the trial court, or us—the accuracy or reliability of any of the written statements submitted by the witnesses who testified.

■ Moreover, since credibility of the witnesses, and the weight of their testimony, are committed to the discretion of the Board, see *Burns v. Board of Assessment Appeals,* 820 P.2d 1175 (Colo.App.1991), and hearsay evidence may be admissible in administrative hearings, see *Industrial Claims Appeals Office v. Flower Stop Marketing Corp.,* 782 P.2d 13 (Colo.1989), we see no possibility of actual prejudice resulting from inconsistencies, if any, appearing only in the written summary of the minutes, and not in the witnesses' written statements.

Finally, although he could have done so, we note that plaintiff did not move to correct the record. See C.R.C.P. 106(a)(4)(IV) (any party may move to correct the record at any time); *cf.* C.A.R. 10(e) (if dispute arises regarding the record, such differences may be submitted to and settled by the trial court and the record made to conform to the truth).

Thus, because the evidence received by the Board is adequate for a meaningful review, we conclude that, as submitted, it provides a sufficient basis to review the Board's decision.

II.

■ Plaintiff also contends that the trial court erred in determining that the Board did not abuse its discretion in imposing disciplinary sanctions because there was insufficient evidence to support its determination that plaintiff had engaged in the conduct for which he was disciplined. We disagree.

■ The standard of review of an agency action by an appellate court is the same as for a district court reviewing such action. Therefore, we consider whether there is sufficient evidentiary support for the agency's action. *City of Colorado Springs v. Givan,* 897 P.2d 753 (Colo.1995).

■ Review of an agency's action is limited to a determination of whether it exceeded its jurisdiction or abused its discretion. As discussed, an agency's decision will be reversed only if there is no competent evidence in the record as a whole to support such action. *McCann v. Lettig,* 928 P.2d 816 (Colo.App.1996).

■ Thus, even if, as here, evidence is presented to an agency that is contrary to its ultimate decision, as long as the record as a whole contains sufficient competent evidence to support the decision, it will not be overturned. *See Maurer v. Young Life,* 779 P.2d 1317 (Colo.1989).

Here, plaintiff's co-workers and supervisors testified before the Board and presented written statements that plaintiff had made the remarks for which he was disciplined. Further, plaintiff did not dispute that he had made at least one of the comments but argued instead that it had been taken out of context. Our review of the record demonstrates that, although there was conflicting evidence, sufficient competent evidence was presented to support the Board's determina-

tion that the events complained of occurred and that, therefore, the discipline imposed was not an abuse of discretion. *See Burns v. Board of Assessment Appeals, supra* (credibility of witnesses and weight to be given their testimony are committed to discretion of the agency).

The judgment is affirmed.

Judge TAUBMAN and Judge KAPELKE concur.