No. 27928

**Bernard Von Ehrenkrook and Bernice Von Ehrenkrook v. Midland Federal Savings and Loan Association and Jo L. Fleming as the Public Trustee of the County of Arapahoe, State of Colorado**

(585 P.2d 589)

Decided August 21, 1978.

Pferdesteller, Vondy, Horton & Worth, P.C., Fred W. Vondy, for plaintiffs-appellants.

Fairfield and Woods, Charlton H. Carpenter, for defendants-appellees.

Calkins, Kramer, Grimshaw & Harring, Victor L. Wallace II, James S. Bailey, for amicus curiae Savings & Loan League of Colorado.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Appellants, Bernard and Bernice Von Ehrenkrook, commenced an action against Midland Federal Savings and Loan Association alleging that Midland violated section 38-30-165, C.R.S. 1973 (1977 Supp.), by increasing the interest rate on a loan secured by a deed of trust which the Von Ehrenkrooks assumed and agreed to pay upon purchase of the property which was the subject of the trust deed. Midland filed a motion to dismiss for failure to state a claim and the motion was granted. The Von Ehrenkrooks thereafter appealed from the judgment of dismissal. Since Midland raised a constitutional question,[1] the case is now before us on direct appeal. We affirm.

In 1975, the Von Ehrenkrooks made an offer to purchase certain property and to assume a loan balance of approximately $12,900.00 secured by a deed of trust which had been executed in 1963. Invoking a "due on sale" clause contained in the original deed of trust,[2] Midland refused to permit assumption of the loan unless the Von Ehrenkrooks would

---

[1] Midland argues that to construe section 38-30-165(1)(b) as applicable to instruments executed prior to the effective date of the statute would violate Article II, Section 11 and Article XV, Section 12 of the Colorado Constitution because of its retrospective operation. Because of our disposition of this case, we need not reach the constitutional argument.

[2] A "due on sale" clause is a clause which permits the lender to accelerate the due date of the indebtedness when a property which secures the indebtedness is sold. For the non-exercise of this clause, a lender will sometimes permit a subsequent purchaser of the property to assume the indebtedness subject to conditions imposed by the lender.

pay a fee of $100.00 and execute an instrument providing for an increase in the interest rate from 5 3/4% to 9 1/4% per annum. The Von Ehrenkrooks executed the modification document and paid the transfer fee. Thereafter they noted their protest to the increased interest rate on their monthly payments. Claiming that the increased interest rate violated section 38-30-165, C.R.S. 1973 (1977 Supp.), the Von Ehrenkrooks demanded that Midland correct all documents and refund the overpayments, but Midland refused.

Subsequently, the Von Ehrenkrooks initiated this suit. The trial judge dismissed the action for failure to state a claim, holding that section 38-30-165 was not applicable to the fact situation set out in the Von Ehrenkrooks' complaint. The Von Ehrenkrooks elected to stand on their pleadings as filed rather than amending their complaint.

Section 38-30-165, C.R.S. 1973 (1977 Supp.) was enacted in the 1975 Session of the Colorado Legislature and reads in pertinent part as follows:

"38-30-165. Unreasonable restraint on the alienation of property — prohibited practices. (1) Subject to the limitations and exceptions as provided in this section, any person with a security interest in real estate shall not, directly or indirectly:

" . . . .

"(b) *Increase the interest rate more than one percent per annum above the existing interest rate of the indebtedness or otherwise modify, for the benefit of the holder of the security interest, the terms and conditions of the indebtedness secured by such real estate, on account of the sale or transfer of such real estate or on account of the assumption of such indebtedness;* or

" . . . .

"(d) Enforce or attempt to enforce the provisions of any mortgage, deed of trust, or other real estate security instrument executed on or after July 1, 1975, which provisions are contrary to this section; *but this section shall not be applicable to instruments executed prior to July 1, 1975, nor to the rights, duties, or interests flowing therefrom.*" (Emphasis added.)

◼ The Von Ehrenkrooks claim that the language "but this section shall not be applicable to instruments executed prior to July 1, 1975 . . ." found in (1)(d) of section 38-30-165 is not applicable to the provisions of (1)(b) of the same section. They argue that this language in (1)(d) does not apply to the entire section but merely to part (d). Thus, they argue that the effective date of the statute is July 1, 1975, which date was set out in section 2 of the statute as published at p. 1429 of the Session Laws of 1975, and that nothing precludes the application of (1)(b) to instruments executed prior to July 1, 1975, but assumed after that date. This claim is clearly erroneous.

The statute quoted above continues and reads in subsection (2) as follows:

"(2) The maximum increase allowed in *paragraph* (b) of *subsection* (1) of this *section* and the maximum fee allowed in *paragraph* (c) of *subsection* (1) of this *section* shall not be deemed required, minimum, or ordinary, but said interest increase and fee may, in any case, be less than the amount allowed." Section 38-30-165(2). (Emphasis added.)

According to the language of section 38-30-165 itself the use of the word "section" refers to the entire section, while parts (b) and (d) are denominated "paragraphs."[3]

■■■ Thus, the provisions of paragraph (b) which limit the amount that the interest rate can be increased are not applicable to instruments executed prior to July 1, 1975. Since the deed of trust in the instant case was executed in 1963, the provisions of section 38-30-165(1)(b) are not applicable to it.

Appellants also argue that section 38-30-165(1)(b) applies to their assumption of the deed of trust because that section is merely expository of the state's common law. To support this position they cite our decision in *Malouff v. Midland Federal Savings and Loan Association,* 181 Colo. 294, 509 P.2d 1240 (1973).

In *Malouff* we held that an increase of the interest rate on an assumed note of 1% was not an unreasonable restraint on the alienation of real property. In reaching that decision we considered many factors including the current market rate of interest. Clearly *Malouff* does not stand for the proposition that prior to the enactment of section 38-30-165(1)(b), any increase over 1% would always be illegal or that a 1% increase would always be legal. Thus section 38-30-165(1)(b) is not expository of the preexisting law. The legislature realized this fact by the provisions it included in paragraph (1)(d).

The sole issue raised by the Von Ehrenkrooks in their complaint was the applicability of section 38-30-165 to their assumption of the loan secured by the deed of trust. In this court, they have attempted to raise the issue of whether the increase in the interest rate was an unreasonable restraint on the alienation of real property. Gnereally, issues which were not considered by the lower court nor raised in a motion for a new trial are not properly reviewable on appeal. *See City and County of Denver v. Miller,* 151 Colo. 444, 379 P.2d 169 (1963). Appellants chose not to amend their complaint but to proceed solely on the question of the statute's applicability. Accordingly, we decline to consider this issue which they have belatedly raised

---

[3] This is in accord with the Introduction to Colorado Revised Statutes 1973, Vol. 1, C.R.S. 1973, at page 6.

Judgment affirmed.
MR. JUSTICE LEE does not participate.