Jerry L. KEMP and Income Realty and Mortgage, Inc., a Colorado Corporation, Plaintiffs-Appellees,

v.

The EMPIRE SAVINGS, BUILDING AND LOAN ASSOCIATION, Defendant-Appellant,

and

Nancy J. Flett, Public Trustee for the County of Jefferson, Defendant.

No. 80CA1067.

Colorado Court of Appeals, Div. II.

July 9, 1981.

Rehearing Denied Aug. 6, 1981.

Certiorari Granted Oct. 19, 1981.

Joseph A. Davies, P. C., Joseph A. Davies, Curtis W. Shortridge, Denver, for plaintiffs-appellees.

Frascona, Gullette & McClow, John H. McClow, James C. Smittkamp, Boulder, for defendant-appellant.

STERNBERG, Judge.

Empire Savings, Building & Loan Association (the lender) appeals a preliminary injunction enjoining foreclosure of real property pending adjudication of the enforceability of a "due-on-sale" provision in a deed of trust securing the indebtedness. We reverse.

On November 15, 1977, plaintiff Jerry L. Kemp, the borrower, executed a deed of

trust to the defendant Public Trustee for the benefit of the lender. In that deed of trust, the borrower agreed "[n]ot to sell or transfer the property herein described without the written consent of the association or holder first having been obtained thereto." The deed of trust included a due-on-sale clause which provided: "In the event of any sale or transfer without such written consent the association may at any time thereafter declare all of the remainder of the indebtedness immediately due and collectable." The borrower further agreed "[n]ot to alienate or encumber said real property to the prejudice of the association ...."

On November 27, 1979, defendant Kemp entered into an installment land contract to sell the subject property to Income Realty and Mortgage, Inc. On the same day, Income Realty entered into another installment land contract conveying the real estate to individuals not party to this suit. Both installment land contracts were conditioned on the purchaser's buying the property subject to the deed of trust executed by Kemp in favor of Empire. In addition, both contracts provided: "It is understood that purchaser does not assume the prior encumbrances on the property, and that seller shall make all the payments thereon as they become due and owing, and shall fully discharge said encumbrances prior to or simultaneously with delivery of deed to purchaser." In each transaction, a warranty deed from that contract seller was placed in escrow for delivery to that purchaser when the full purchase price had been paid.

Notwithstanding the language in the deed of trust, neither the borrower nor the purchasers notified Empire of the conveyances. In May of 1980, having learned of these transfers, Empire made formal demand upon the borrower to discharge the remaining indebtedness. After the deadline for full payment of the loan had passed, Empire instituted foreclosure proceedings. Plaintiffs filed a motion for preliminary injunction to enjoin foreclosure proceedings. From the order granting this motion, the lender appeals.

Because the due-on-sale clause here is included in a deed of trust executed in 1977, the reasonableness of the restraints on alienation included therein must be viewed in perspective of § 38–30–165, C.R.S. 1973 (1980 Cum.Supp.), applicable to deeds of trust executed after July 1, 1975. As relevant here, that statute provides:

"(1) Subject to the limitations and exceptions as provided in this section, any person with a security interest in real estate shall not, directly or indirectly:

(a) Accelerate or mature the indebtedness secured by such real estate on account of the sale or transfer of such real estate or on account of the assumption of such indebtedness; except that this paragraph (a) shall not apply if the person to whom the real estate would be sold or transferred is reasonably determined by the person holding the security interest to be financially incapable of retiring the indebtedness according to its terms, based upon standards normally used by persons in the business of making loans on real estate in the same or similar circumstances; or

(b) Increase the interest rate more than one percent per annum above the existing interest rate of the indebtedness or otherwise modify, for the benefit of the holder of the security interest, the terms and conditions of the indebtedness secured by such real estate, on account of the sale or transfer of such real estate or on account of the assumption of such indebtedness; or

(c) Charge, collect, or attempt to collect any fee in excess of one-half of one percent of the principal amount of the indebtedness outstanding, on account of the sale or transfer of such real estate or on account of the assumption of such indebtedness, not including title insurance, abstracting, credit report, survey, or other charges apertaining to the sale ...."

*Von Ehrenkrook v. Midland Federal Savings & Loan Ass'n*, 196 Colo. 179, 585 P.2d 589 (1978), requires that these subsections be considered in relation to one another. Reading them together, we conclude that,

in enacting this statute, it was the intent of the General Assembly to limit the situations in which lenders can accelerate indebtedness secured by real property subject to a deed of trust executed in their favor and, at the same time, to afford lenders certain statutory protection upon transfer of the secured property.

■ The plaintiffs contend that subsection (1)(a) bars acceleration absent an assumption, and subsections (1)(b) and (1)(c) merely limit increases in interest rates and fees in the event that a deed of trust is assumed. We disagree. Because subsection (1)(a) applies to indebtedness secured by the real estate "on account of the sale or transfer of such real estate *or* on account of the assumption of such indebtedness," and an installment sale is a "sale or transfer of the real property" for purposes of the due-on-sale clause in the deed of trust, *Krause v. Columbia Savings & Loan Ass'n*, Colo. App., 631 P.2d 1158 (1981), the plaintiffs' contention is without merit.

■ In our view, the quoted statute contemplates that the lender receive notice of an impending sale or transfer prior to closing so that, in the event acceleration of the indebtedness is warranted, the lender's position is not impaired. Here, it is undisputed that no prior notice was given. Although the installment land contracts were recorded and, therefore, under § 38–30–160, C.R.S. 1973, there was constructive notice of the transactions, record notice after the closing was too late to afford either party the protection intended under subsection (1)(a). By the time an installment land contract is recorded, the proceeds of the conveyance may have been diverted beyond the lender's reach. Thus, in the absence of adequate notice to the lender, this provision fails to provide a basis for declaring the due-on-sale clause here at issue unenforceable.

And, on the facts present here, under the interpretation of *Malouff v. Midland Federal Savings & Loan Ass'n*, 181 Colo. 294, 509 P.2d 1240 (1973) set out in *Bakker v. Empire Savings & Loan Ass'n,* Colo.App., 634 P.2d 1021 (1981); *Krause v. Columbia Sav-*

*ings & Loan Ass'n, supra,* there are no other grounds upon which plaintiffs could succeed in having the due-on-sale clause declared unenforceable. Accordingly, we conclude that, because there is no probability plaintiffs will prevail on the merits at trial, it was error to enjoin the foreclosure proceedings.

Therefore, the order granting a preliminary injunction is reversed.

PIERCE and TURSI, JJ., concur.