Jerry L. KEMP and Income Realty and Mortgage, Inc., a Colorado corporation, Petitioners,

v.

The EMPIRE SAVINGS, BUILDING AND LOAN ASSOCIATION, and Nancy J. Flett, Public Trustee for the County of Jefferson, Respondents.

No. 81SC281.

Supreme Court of Colorado, En Banc.

March 28, 1983.

2. We disapprove, however, the practice of threatening a mistrial if a verdict is not returned by a specific time.

Joseph A. Davies, Curtis W. Shortridge, Nancy D. Miller, Denver, for petitioners.

Frascona, McClow & Joiner, John H. McClow, James C. Smittkamp, Boulder, for respondents.

ROVIRA, Justice.

This is an appeal from a reversal by the court of appeals of a district court grant of a preliminary injunction barring the foreclosure sale of certain property. *Kemp v. Empire Savings, Building & Loan Association,* 635 P.2d 234 (Colo.App.1981). We affirm the decision of the court of appeals.

I.

In November 1977, petitioner Jerry Kemp executed a promissory note in favor of respondent Empire Savings, Building and Loan Association (Empire). The note, in the principal amount of $45,500, was secured by a deed of trust encumbering residential property. The deed of trust contained a provision commonly known as a "due-on-sale" clause, which gave Empire the right to accelerate the loan if the property were sold without Empire's prior written consent.[1]

In November 1979, Kemp, without the written consent of Empire, entered into an installment land contract to sell the property to petitioner Income Realty and Mortgage, Inc. (Income Realty). On the same day, Income Realty entered into a similar contract to sell the property to John and Kathleen Pohlman.

After learning of the unauthorized transfers, Empire made a formal demand upon Kemp for full payment of his note. After Empire's deadline for full payment of the loan had passed, Empire commenced foreclosure proceedings with the Jefferson County Public Trustee.

In July 1980, Empire filed with the Jefferson County District Court its motion for an order authorizing sale pursuant to C.R. C.P. 120. Subsequently, petitioners filed a complaint seeking a declaratory judgment, a permanent injunction, and damages, and they moved for a preliminary injunction and for consolidation of Empire's Rule 120 hearing and petitioners' civil action.

The motion to consolidate was denied, but the court ordered the hearing on the two actions combined. The court ruled that the two issues to be considered at the hearing would be whether an installment land contract constituted a sale or transfer within the terms of the due-on-sale clause and whether the court should grant petitioners' motion for preliminary injunction.

After a hearing, the court entered its order authorizing the foreclosure sale, but also granted petitioners' motion for a preliminary injunction.

Empire appealed the issuance of the preliminary injunction, and the court of appeals reversed, holding that there was no probability that petitioners would prevail on the merits at trial and thus the injunction should not have issued. We granted certiorari to review that holding.

II.

Petitioners' primary contention is that Empire was barred by section 38–30–165,

---

1. The deed of trust provided in pertinent part:
"IN ORDER TO PROTECT MORE FULLY THE SECURITY OF THIS DEED OF TRUST FIRST PARTY FURTHER COVENANTS AND AGREES AS FOLLOWS:

. . . .

"Not to sell or transfer the property herein described without the written consent of the Association or holder first having been obtained thereto. In the event of any sale or transfer without such written consent the Association may at any time thereafter declare all of the remainder of the indebtedness immediately due and collectible. If the Association or holder, after appropriate credit investigation, agrees in writing that the loan may be transferred and assumed by the purchaser, a reasonable fee for such assumption may be assessed. In the event of any sale or transfer of the title to the property herein described, the purchaser or new owners shall, at the option of the Association, be deemed to have assumed and agreed to pay the indebtedness owing the Association hereunder whether or not the instrument evidencing such sale or transfer expressly so provides, and the Association may, without notice to First Party, deal with such new owner or owners with reference to the indebtedness secured by this Deed of Trust. . . ."

C.R.S.1973 (now in 1982 Repl. Vol. 16A), from accelerating the loan by reason of petitioners' failure to obtain approval of the sale. We disagree.

Section 38–30–165 provides, in pertinent part:

"(1) Subject to the limitations and exceptions as provided in this section, any person with a security interest in real estate shall not, directly or indirectly:

(a) Accelerate or mature the indebtedness secured by such real estate on account of the sale or transfer of such real estate or on account of the assumption of such indebtedness; except that this paragraph (a) shall not apply if the person to whom the real estate would be sold or transferred is reasonably determined by the person holding the security interest to be financially incapable of retiring the indebtedness according to its terms, based upon standards normally used by persons in the business of making loans on real estate in the same or similar circumstances . . . ."

Section 38–30–165(d) provides that a provision of a deed of trust contrary to the statute is not enforceable.

■ The petitioners argue that because there is no provision in the statute expressly permitting a lender to impose a condition of prior notice and approval, Empire's action is therefore forbidden. We agree with the court of appeals that such authorization is implied in the statute.

The statute allows acceleration if "the person to whom the real estate *would be sold*" is determined to be financially incapable of retiring the indebtedness (emphasis added). The use of the phrase "would be sold" indicates that the legislature was contemplating prior review.

Petitioners argue that lack of prior notice does not jeopardize the lender, since after the sale "the lender has only to request such information and evaluate the financial capability of the purchaser." However, we believe the court of appeals was correct in its observation that by the time the lender learns of the installment sale "the proceeds of the conveyance may have been diverted beyond the lender's reach." 635 P.2d at 236. Moreover, the installment purchaser may pose risks to the integrity of the security itself. The possibility of diversion of the sale proceeds and waste to the property constitutes a real danger to the position of the lender.

We disagree with petitioners' contention that "Empire did precisely what the statute prohibits Empire from doing—accelerating its loan balance on account of a sale or transfer of the property 'subject to' Empire's Deed of Trust." Empire did not accelerate because of the sale; it accelerated because of petitioners' breach of the agreement to seek prior approval of transfers. That is no more forbidden by the statute than is acceleration because of nonpayment. Consequently, we affirm the holding of the court of appeals that section 38–30–165 permits a lender to require the original purchaser to give notice of intent to sell, in order to give the lender an opportunity to review the credit of a potential purchaser, and that violation of the agreement may be a ground for acceleration.

■ Petitioners request that we also determine whether Empire could have required a subsequent purchaser to assume the loan, that is, to become personally liable on it. We decline to address that question as Empire never attempted this, although there is evidence that had the subsequent purchaser sought approval from Empire, Empire would have attempted to require the purchaser to assume the loan. This court is not empowered to give advisory opinions based upon hypothetical situations. *People v. Campbell,* 196 Colo. 390, 589 P.2d 1360 (1978).

■ Finally, the petitioners urge that the court of appeals erred in not addressing three of the claims for relief specified in petitioners' complaint: (1) that Empire had waived its right to accelerate by accepting payments; (2) that Empire was estopped to accelerate because it was the practice in the industry not to accelerate; and (3) that the due-on-sale clause is unenforceable as a contract of adhesion because virtually all lend-

ers include such a provision. We do not believe the court of appeals erred in failing to address these claims, for the reason that there was no evidence before the trial court on these claims. Moreover, although these claims appear in the complaint, they were not addressed in petitioners' trial brief. From all that appears in the record, these issues were no part of the case.

The judgment of the court of appeals is affirmed.