# SUPREME COURT

OF THE

## STATE OF COLORADO.

## April Term, 1902.

[No. 4479.]

KEADY v. OWERS AS JUDGE OF THE FIFTH JUDICIAL
DISTRICT ET AL.

1. **Mandamus—Jurisdiction of Supreme Court.**

Section 3, article VI, of the constitution confers upon the
supreme court jurisdiction to grant writs of mandamus, and such
jurisdiction is in no sense dependent upon statute.

2. **Mandamus—District Courts—Subordinate Officers.**

While mandamus might go against a district court to compel
one of its subordinate officers to perform an official act which the
law enjoins upon him, the writ in a proper case may also be di-
rected to the subordinate official himself.

3. **Court Stenographers—Order of Court—Presumption.**

It is the duty of the official stenographer of a district court,
when directed by the court, to take down the proceedings occur-

ring at a trial, and where it appears that the stenographer did take down such proceedings, it will be assumed that it was done in pursuance of an order of court.

### 4. Mandamus—Court Stenographers.

Where the official stenographer of a district court takes down the proceedings of a trial it is his duty, upon application and tender of his fees therefor, by a litigant, to furnish such litigant a transcript of such proceedings, and upon his refusal mandamus will issue to compel him, and the order of the judge of the court not to furnish the transcript is no excuse or justification for the refusal of the stenographer.

### 5. Same—Action of Court in Excusing Jurors.

The action of the trial court in excusing a juror after he had been accepted by both parties is subject to review if the court abused its discretion in such action, and a litigant is entitled to a transcript of the examination of the juror by the court which led up to his discharge from the panel and the stenographer may not refuse such transcript because by transcribing it some supposed benefit will accrue to the juror, or some disadvantage to the district attorney in some possible prosecution of the juror.

## Original Application for a Writ of Mandamus.

In the district court of Lake County, upon a criminal charge of assault with intent to commit murder, Thomas Keady was tried, convicted, and sentenced to the penitentiary, where he is now confined. During the trial a certain juror of the regular panel was passed for cause and accepted both by the district attorney and counsel for defendant. Thereafter, and before the jury that tried the case was impaneled, the judge of the court called this juror to the witness stand, and for a period of thirty minutes or more, questioned him upon matters irrelevant to the cause then on trial, and with reference to things wholly and grossly improper and in no way pertaining to his qualifications as a juror. All of which was said to be to the damage and prejudice of the defendant. At the conclusion of the examination, the court dismissed the juror, who was in all respects a quali-

fied juror, from further attendance on the jury and for the term. To all of which the defendant, by his counsel, duly excepted.

The defendant was compelled to go to trial without his presence on the panel, although the juror was entirely acceptable to him, as well as to the district attorney, each of whom had exhausted the ten peremptory challenges allowed by statute.

The defendant desires to prosecute a writ of error from this court to review the judgment of the district court, and to that end, and for the purpose of incorporating the same into a bill of exceptions, applied, through his counsel, to the official stenographer who was present during the trial and took down in shorthand all of the proceedings, for a full and complete transcript thereof. Thereafter the stenographer delivered to such attorney what purported to be a transcript which contained only the following as the record of the examination of the juror in question:

"And thereupon the court, of its own motion, examined the said juror as to his fitness to serve as a juror, and being sufficiently advised in the premises, discharged him from the panel; to which defendant by his counsel then and there excepted."

Defendant's counsel was dissatisfied with the partial transcript, and then demanded of the stenographer in addition thereto a full, true, and correct transcript of the entire examination of the juror, which the stenographer refused, and still refuses, to give; and as the reason therefor said that he was directed by the Honorable Judge of the court not to transcribe or give to counsel, or to any one for the use of the defendant, a record of the examination in question and that the same must not be made a part of the record by bill of exceptions. Defendant's counsel then applied to the judge for an order upon

the stenographer to furnish the desired record, which the judge declined to make, admitting that he had instructed the stenographer to exclude from the transcript a copy of the juror's examination.

This examination was so prolonged and covered so much ground, that it is impossible for attorneys or other persons who were present thereat to recollect with any degree of accuracy any considerable portion of the same.

The foregoing facts are made to appear in a petition filed in this court, by Keady, defendant in the criminal action, wherein he asks that a writ of mandamus be issued to Frank W. Owers, as judge of the district court of Lake County, and to H. L. Denison, the official stenographer, commanding them to furnish the transcript desired.

In the return to the alternative writ, or rule to show cause, which in form is an answer but in substance a demurrer, the foregoing facts are admitted, and as reasons why the rule should be discharged, the respondents urge the following: First, that this court has not jurisdiction to issue the writ prayed for; second, that the facts set up in the petition are not sufficient to warrant the issuance of the writ; third, that there is no statute of the state which makes it the duty either of the judge, or the stenographer, of the court, to furnish a transcript of the testimony in any cause; fourth, (which is particularly applicable to the answer of the judge) that a judge upon a trial in a district court has a discretion in excusing jurors, even though a special statutory ground therefor cannot be found, and unless such power is oppressively or corruptly exercised, a litigant cannot complain; and even if improperly or corruptly exercised, he cannot complain if afterwards the cause is tried by a fair and impartial jury, which, for aught that appears from the petition, was secured by de-

fendant; fifth, that by statute of this state, attorneys who were in attendance at the trial, might, by affidavit, have made a bill of exceptions that could be used upon a review of this cause, and which would have contained all that was omitted from the transcript as prepared by the stenographer.

A special and further defense was interposed in the answer of Judge Owers touching the good faith of the application, he asserting, upon information and belief, that its object was not to obtain the transcript for the use of the petitioner as the basis of a bill of exceptions to be made a part of the record in this court for a review of the judgment complained of, but that it was for the benefit of the juror excused, against whom, and based upon whose examination, charges had been submitted by the judge to the district attorney for his investigation, with a view to the filing of an indictment or information, charging the juror with a criminal offense.

Mr. JAMES GLYNN and Mr. THOMAS WARD, Jr., for petitioner.

Messrs. PATTERSON, RICHARDSON & HAWKINS for respondents.

CHIEF JUSTICE CAMPBELL (after the foregoing statement) delivered the opinion of the court.

1. That this court has jurisdiction under the constitution to grant writs of mandamus is beyond cavil. No argument is required to establish so plain a proposition. The jurisdiction is derived from section 3 of article VI of the constitution, and is in no sense dependent upon statute. It is conceded that the stenographer is an officer of the court. While mandamus might go against the court to compel one of its subordinate officers to do an official act, which

the law enjoins upon him, we think it clear that the writ may, in a proper case, also be directed to the subordinate official himself. No objection moreover is made upon the ground that the writ should go, if at all, to the court, and not to its subordinate officer.

One of the duties of the stenographer when directed by the court, is to take down the proceedings occurring at a trial, and his compensation therefor is paid by the county. Indeed the chief object of having this done is not for the benefit of the trial court, but that, in case of a review of the judgment, a full and complete record of the proceedings may be written out to be laid before the appellate tribunal. We must assume that since it appears that the stenographer did take down in shorthand the proceedings occurring at this trial, it was in pursuance of an order of the court. For years it has been, and now is, the practice in this state, for lawyers, in the preparation of bills of exception, to depend upon a transcript of the proceedings prepared by the official stenographer. It is true that, in case a judge neglects or refuses to sign a bill of exceptions, a bill may be made and attested by affidavits of two or more attorneys or other persons who were present at the time of the trial. This, however, if applicable to criminal cases, is only one, not an exclusive, method of preparing a bill. A litigant is not compelled to resort to that method when the official stenographer is present at the trial and has taken down in shorthand the proceedings. It is the duty of the stenographer therefore to furnish a litigant with such transcript when demand therefor is made and payment or offer of payment for doing the work is tendered; and while that duty is not *expressly* mentioned in the statute, it is *specially* enjoined as a duty resulting from his office, clearly implied from the nature of the office and the duties pertaining to it. The stenographer who

took down the examination of this juror has his notes and may readily comply with petitioner's request, and no reason has been given why it should not be granted.

The order of the judge of the court not to furnish it is no excuse or justification whatever. It does not lie either with the judge or stenographer to say that the action of the trial court in excusing a juror is not a proper subject matter of review in an appellate tribunal. It is for the latter to determine that fact from the entire proceedings bearing upon that particular point; and while we do not presume to pass upon any error that may be assigned based on the order of discharge, it is sufficient at present to say that the defendant is entitled to a transcript of the examination of the juror by the court, which led up to his discharge from the panel, that the appellate tribunal may have the same before it in order to determine whether, as here charged by the defendant, the court committed prejudicial error in making the same.

If, as contended by respondent, the matter of excusing a juror by the court, after he has been accepted by the parties, involves the exercise of judicial discretion, that means a sound discretion, and if grossly abused, it is subject to review by an appellate court. And if, in the absence of something in the record justifying the court in depleting the panel, prejudicial error to the objecting party be presumed, nevertheless, the appellate tribunal should have a full record of the proceedings bearing upon the question in order that substantial justice be done to the people as well as the defendant.

We have not the slightest doubt that petitioner is entitled to the writ prayed for, and that the answers of the respondents are entirely insufficient.

2.   We shall not now concern ourselves with any

personal controversy that may exist between the judge of the court and the juror who was excused from the panel. This is not the appropriate occasion for airing or deciding any such dispute. If the defendant has a legal right to a transcript of the examination of the juror, as conducted by the trial court, for incorporating it into a bill of exceptions to be used' upon a review of the judgment in the case tried, he cannot be deprived of that right, and the stenographer may not refuse to furnish the record, merely because by transcribing the same some supposed benefit will accrue to the juror, or some imaginary disadvantage be suffered by the district attorney in some possible future prosecution of the juror. The alleged defense of the judge of the court upon this ground is wholly untenable.

There is no necessity, at the present time, to command the judge to furnish this transcript, even though his stenographer's refusal to give it is based on the order of his superior. We rightly presume that the stenographer will promptly comply with whatever order this court makes, and that such compliance will afford ample relief to petitioner. The rule to show cause is, therefore, discharged as to the judge, sustained as to the stenographer, and as to him, the writ, as prayed for, is made permanent.

*Writ allowed.*