## No. 28211

**The People of the State of Colorado v. Donald E. Campbell, District Court Judge for the Fourth Judicial District, State of Colorado**

(589 P.2d 1360)

Decided October 23, 1978. Opinion modified and as modified rehearing denied December 11, 1978.

Robert L. Russel, District Attorney, Lance M. Sears, Deputy, for petitioner.

Walta, Cross, Gaddis & Kin, J. Gregory Walta, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The district attorney brought this original proceeding to review rulings of the trial court which culminated in the dismissal of an indictment for first-degree murder. We issued a rule to show cause and now make the rule absolute and remand with directions to reinstate the indictment for first-degree murder.

The defendant Jerry Lee Moyers was indicted by a grand jury for first-degree murder after he stabbed his wife to death. Section 18-3-102, C.R.S. 1973 (1976 Supp.). Testimony before the grand jury indicated that the defendant "just went crazy" and stabbed his wife repeatedly when she requested a divorce and confirmed the defendant's suspicion that she was having an affair with another man.

The defendant, prior to the entry of his plea, filed a motion to determine the availability of the defense of impaired mental condition. Section 18-1-803, C.R.S. 1973. The trial court ruled that the statutory defense of impaired mental condition was available as a defense to the crimes of first-degree murder and voluntary manslaughter, but could not be interposed to the crime of second-degree murder. Following the trial court's ruling, the defendant pled not guilty and filed a motion to declare the second-degree murder statute unconstitutional on equal protection grounds. His argument was premised on the trial court's earlier ruling on the unavailability of the impaired mental condition defense to a charge of second-degree murder. In response, the trial court declared that the defendant did not have standing to challenge the second-degree murder statute at that state of the proceeding.

The prosecution and the defense then stipulated that the jury that tried the case would be given instructions on the lesser-included offenses of second-degree murder and manslaughter. Based upon the stipulation, the trial court granted the defense motion to quash the indictment. Under the circumstances of this case, we were compelled to issue the rule to show cause to prevent unwarranted dismissal of a first-degree murder indictment.

■ We disapprove of a stipulation by counsel as a substitute for a trial record and as a foundation for quashing an indictment. "It is . . . the obligation of the *judge* to correctly instruct the jury on the law applicable to the case," based upon the evidence introduced at the trial. *Stephens v. Koch,* 192 Colo. 531, 561 P.2d 333 (1977) (emphasis supplied).

■ The record before us is predicated upon a hypothetical fact situation and not upon the record made in the trial of the first-degree murder

charge. The evidence presented at trial may or may not provide the basis for instructions on the lesser offenses of second-degree murder and manslaughter. The instructions and the verdict could cause the constitutional arguments to be moot. This court can make the best use of its resources by addressing only those questions which are premised on facts appearing in the record made at trial, or when pre-trial events made an answer necessary. We do not render advisory opinions on hypothetical fact situations.

Accordingly, the rule to show cause is made absolute, and the trial court is directed to reinstate the first-degree murder indictment against the defendant Jerry Lee Moyers and to proceed to trial.