**Ronald Brooks TIPPETT,
Petitioner/Appellant,**

v.

**H.B. JOHNSON, Superintendent,
Fremont Correctional Facility,
Respondent/Appellee.**

No. 86SA92.

Supreme Court of Colorado,
En Banc.

Sept. 8, 1987.

Ronald Brooks Tippett, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Terrence A. Gillespie, Asst. Atty. Gen., Human Resources Section, Denver, for respondent/appellee.

**PER CURIAM.**

The petitioner appeals from the district court's denial of his petition for a writ of habeas corpus. We affirm.

On April 30, 1984, the petitioner was sentenced in the Boulder County District Court to eight years imprisonment upon his conviction of two counts of second degree kidnapping, § 18–3–302(2), 8B C.R.S. (1986), and two years imprisonment upon his conviction of two counts of violation of child custody orders, § 18–3–304(2), 8B C.R.S. (1986), such sentences to run concurrently, plus one year of parole. On October 11, 1985, the petitioner filed a petition for a writ of habeas corpus and a brief in support of such petition with the Fremont County District Court. On February 19, 1986, the Fremont County District Court, after a hearing, dismissed the petition.

On March 9, 1987, subsequent to a filing by the petitioner of an appeal to this court of the district court's dismissal of his petition, this court set aside the petitioner's conviction and sentence for the two counts of kidnapping. *People v. Tippett*, 733 P.2d 1183 (Colo.1987). On April 13, 1987, because the petitioner had served his sentence for the custody convictions, he was released from prison. On May 20, 1987, the Boulder County District Court issued an order further releasing the petitioner from any parole obligation.

The petitioner claims that he is entitled to a complete discharge of his sentence for his custody conviction. In fact, this has already occurred.

 "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not ... to declare principles or rules of law which cannot affect the matter in issue before it." *Barnes v. District Court*, 199 Colo. 310, 312, 607 P.2d 1008, 1009 (1980); *People v. District Court*, 78 Colo. 526, 242 P. 997 (1925). "A case is moot when judgment, if rendered, will have no practical legal effect upon an existing controversy...."

*Barnes, supra; Crowe v. Wheeler*, 165 Colo. 289, 439 P.2d 50 (1968). While exceptions to this rule do exist, none is applicable here. *See, e.g., Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), *reh'g denied*, 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694 (1973). The petitioner has been released from custody and parole; any decision we would reach would have no practical legal effect upon an existing controversy.

The petitioner also argues that failure to grant the relief requested will delay the vesting of his right, seven years after completion of his sentence, to petition for an order sealing the record of his convictions.[1] This claim is not necessarily moot because the petitioner could seek relief retroactive to the date when he satisfied the imprisonment and parole requirements of his sentence.[2] The petitioner's "right" to petition for record sealing, however, is only a hypothetical possibility at the present. This court is not empowered to give advisory opinions based on hypothetical fact situations. *Kemp v. Empire Savings, Building and Loan Association*, 660 P.2d 899 (Colo.1983); *People v. Campbell*, 196 Colo. 390, 589 P.2d 1360 (1978).

The decision of the district court is affirmed.

---

1. Section 24–72–308(2)(b)(II), 10 C.R.S. (1984) provides that a person may petition for the limiting of all or any part of an arrest and criminal record if

   [t]he record is a record of an official action involving conviction for a felony after which the individual has not been formally charged with a crime, other than a petty offense or a class A or class B traffic infraction, for a period of seven years following the completion of his sentence or the satisfaction of any conditions imposed in lieu of his sentence.

2. We reach no decision, however, as to whether such relief would be appropriate.