Stephen C. JONES, Petitioner,

v.

The DISTRICT COURT In and For the SECOND JUDICIAL DISTRICT, State of Colorado, and the Honorable Lynne M. Hufnagel, one of the judges thereof, Respondents.

No. 89SA94.

Supreme Court of Colorado, En Banc.

Oct. 2, 1989.

David F. Vela, State Public Defender, and Terri L. Brake, Chief Deputy Public Defender, Denver, for petitioner.

Norman S. Early, Jr., Dist. Atty., and Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, for respondents.

Justice ERICKSON delivered the Opinion of the Court.

This is an original proceeding seeking relief in the nature of mandamus or prohibition under C.A.R. 21. The petitioner, Stephen C. Jones, is charged with second-degree burglary in a criminal case pending in the respondent district court (district court). Before trial, petitioner filed a motion seeking to have the respondent trial judge (respondent): (1) direct the court reporter to record all trial proceedings, and, in particular, all bench conferences; and (2) permit the parties to make a contemporaneous record of objections and the grounds for the objections. Respondent granted the motion in part, and denied it in part. We issued a rule to show cause and now make the rule absolute.

### I.

Prior to petitioner's trial, his appointed counsel, an attorney from the State Public Defender's Office, filed a motion styled, "Motion for Recorded Bench Conferences and Contemporaneous Record," to obtain "an order requiring the contemporaneous recording of all trial proceedings, including all bench conferences, conferences in cham-

bers, and other hearings outside the jury's presence; and for an order requiring that counsel be allowed to contemporaneously make objections, to state grounds for objections, and to propose proper sanctions for violations,...."

The respondent heard arguments and issued rulings, granting the motion in part, and denying it in part.[1] Pertinent parts of the transcripts from two hearings conducted on this motion are included as part of this opinion. See Appendix. The gravamen of petitioner's complaint is that he has a right to have the contents of substantive bench conferences recorded contemporaneously by the court reporter. The respondent does not dispute that the parties have a right to make objections, and to state the grounds for those objections. However, the proximity of the jury box to the bench makes it probable that, unless the jury was removed from the courtroom, the jury would overhear conferences held directly in front of the bench. The same objection does not apply to a "side-bar" conference, at the side of the bench, but such a conference would require the court reporter to move to the side of the bench with the attorneys and judge. Therefore, the respondent ruled that she had the discretion to conduct conferences in open court with the parties off the record, subject to the making of a record at some more convenient time in the future. For reasons set forth in this opinion, we conclude that, absent the consent of the parties, Colorado law requires that trial proceedings be recorded contemporaneously by the court reporter.

### II.

As a threshold matter, we must decide whether review of the respondent's denial of the motion to record bench conferences and make a contemporaneous record is appropriate for an original proceeding. Section 3 of article VI of the Colorado

---

[1] Attorneys for the State Public Defender's Office filed the same, or substantially the same, motion in a number of criminal cases pending before the respondent and other district court judges. The hearings, arguments, and rulings at issue here occurred on February 7 and February 28, 1989, in proceedings before the respondent involving additional criminal defendants. However, the petitioner, respondent, and prosecution agreed that the arguments and rulings at those two hearings would apply to petitioner's own pending burglary case.

Constitution gives us the authority to hear and determine the merits of original proceedings,[2] but the exercise of original jurisdiction is discretionary. *McConnell v. District Court*, 680 P.2d 528, 530 (Colo.1984). An original proceeding may not be used as a substitute for an appeal. *Varner v. District Court*, 618 P.2d 1388, 1390 (Colo. 1980).

However, we have not hesitated to exercise original jurisdiction where an otherwise interlocutory ruling may have a significant impact on a party's ability to litigate the merits of a controversy. *Id.;* *Sanchez v. District Court*, 624 P.2d 1314, 1316 (Colo.1981). Original proceedings were appropriate when a trial judge proceeded in clear violation of a rule of civil procedure. *Varner*, 618 P.2d at 1390. However, of more significance here, the failure to contemporaneously record trial proceedings may also interfere with our appellate jurisdiction. Accordingly, we conclude that exercise of our original jurisdiction is appropriate.

### III.

 District courts in Colorado are courts of record. Colo. Const. art. VI, § 9; § 13–1–111(1)(b), 6A C.R.S. (1987). In *Herren v. People*, 147 Colo. 442, 363 P.2d 1044 (1961), we reversed the conviction of the defendant in a county court[3] because no record had been made of the proceedings. We rejected the prosecution's argument that the defendant had waived the presence of a court reporter because he had not requested one:

> It has been said that the reason for the creation of courts of record is founded on the proposition that judicial records are not only necessary but indispensable to the administration of justice. The court hears arguments and decides upon its records; it acts by its records; its openings, sessions and adjournments can be proved only by its records; its judgments can be evidenced only by its records. The acts of a court of record are known by its records alone and cannot be established by parol testimony. The court speaks only through its records, and the judge speaks only through the court.
>
> The statutes on criminal procedure in the county court provide such proceedings to be the same as in the district court. *Decisions of this court point up the necessity of a reporter's transcript where this court is required to review the propriety of judgments of a trial court. It is, therefore, apparent that a reporter plays a vital role in criminal trials.*

*Id.* at 445, 363 P.2d at 1046 (emphasis added). The duties of the court reporter for a district court are set out in section 13–5–127, 6A C.R.S. (1987), which provides, in pertinent part:

> **Duties of reporters.** The shorthand reporter, on the direction of the court, *shall* take down in shorthand *all* the testimony, *rulings of the court, exceptions taken,* oral instructions given, *and other proceedings had during the course of the trial of any cause,* and in such causes as the court may designate.

(Emphasis added.) In addition, C.R.C.P. 80(a)[4] provides, in relevant part:

> **Reporter.** *Unless the parties stipulate to the contrary, a district court or superior court shall,* and any other court of its jurisdiction or where the district court has granted or denied change of venue in actions in rem or in actions where the statute prescribes the forum.

---

2. Colo. Const. art. VI, § 3 provides, in relevant part:

 The supreme court shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and such other original and remedial writs as may be provided by rule of court with authority to hear and determine the same; and each judge of the supreme court shall have like power and authority as to writs of habeas corpus.

 C.A.R. 21(a) states, in pertinent part:

 Relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess

3. County courts, like district courts, are courts of record. § 13–1–111(1)(c), 6A C.R.S. (1987).

4. While the case out of which this original proceeding arose is criminal, Crim.P. 55(e) provides that "[t]he practice and procedure concerning reporter's notes and electronic or mechanical recordings shall be as prescribed in Rule 80, C.R.C.P., for district courts...."

or referee or master in its discretion may, direct that evidence be taken stenographically and appoint a reporter for that purpose.

(Emphasis added.) These statutes, and court rules, create an affirmative duty on the part of the trial judge and court reporter to ensure that all the proceedings of a trial are recorded, unless the parties otherwise consent.[5] In *Keady v. Owers*, 30 Colo. 1, 69 P. 509 (1902), we held that a court reporter had a sworn duty to provide a transcript of the record to a party requesting it, and stated that "[t]he order of the judge of the court not to furnish it is no excuse or justification whatever." *Id.* at 7, 69 P. at 511. We also said:

> One of the duties of the stenographer when directed by the court, is to take down the proceedings occurring at a trial, and his compensation therefor is paid by the county. *Indeed the chief object of having this done is not for the benefit of the trial court, but that, in case of a review of the judgment, a full and complete record of the proceedings may be written out to be laid before the appellate tribunal.*

*Id.* at 6, 69 P. at 511 (emphasis added). We agree with the reasoning of the Tennessee Court of Criminal Appeals, where it held that the Tennessee court reporter statute, which is similar to section 13–5–127,[6] was violated when the trial judge held off-the-record bench conferences. *State v. Hammons*, 737 S.W.2d 549 (Tenn.Crim.App. 1987). The Tennessee court stated:

> The holding of off-the-record bench conferences impairs the ability of this Court to afford the parties a full and complete review of the issues. Such conferences create a void in the record, and prevent this Court from determining why the trial court may have ruled in a certain manner. For this reason trial judges should not conduct off-the-record bench conferences.

*Id.* at 551. Recording of all trial proceedings necessarily implies that the recording be done contemporaneously, otherwise some proceedings are left unrecorded. We do not agree with the respondent that a reconstruction of the record at a later time is an adequate substitute for a contemporaneous record. As the petitioner points out, human memory is fallible, especially under the stress of trial, and it will sometimes be impossible to adequately recreate, to the satisfaction of all the parties involved, what exactly occurred at some earlier time. This is the reason for the creation of the position of court reporter in the first place, and the corresponding decline in the importance of bills of exception. *See Keady v. Owers*, 30 Colo. at 6, 69 P. at 511; *see generally* Louisell & Pirsig, *The Significance of Verbatim Recording of Proceedings in American Adjudication*, 38 Minn. L.Rev. 29 (1953).

Furthermore, Crim.P. 51 provides:

> For all purposes for which an exception has heretofore been necessary it is sufficient that a party, *at the time the court ruling or order is made or sought*, makes known to the court the action which he desires the court to take *or his objection to the court's action and the grounds therefor*. But if a party has no opportunity to object to a ruling or order, the absence of an objection does not thereafter prejudice him.

(Emphasis added.) Thus, it is the grounds that a party states at the time the objection is made that are controlling as to whether error is preserved. Without the aid of a contemporaneous record of the trial proceedings, disputes as to the specific grounds asserted for error can easily arise.

We hold that under Colorado statutory law and rules of court, and in aid of potential appellate jurisdiction, a district court judge in a criminal case may not conduct bench or side-bar conferences off the

---

**5.** See also I ABA Standards for Criminal Justice Standard 6–1.6 (2d ed. 1980), which states that "[t]he trial judge has a duty to see that the reporter makes a true, complete, and accurate record of all proceedings."

**6.** Tenn.Code Ann. § 40–14–307(a) (1982) provides that "[a] designated reporter shall attend every stage of each criminal case before the court and shall record verbatim ... all proceedings had in open court and such other proceedings as the judge may direct."

record, unless the parties so request or so consent.[7]

■ We are not unmindful of the duty of the trial judge to conduct the proceedings in an orderly manner, and the concomitant power to control what occurs in the courtroom. We believe that the proper balance is struck by Standard 6–2.4, I ABA Standards for Criminal Justice (2d ed. 1980), which provides:

The trial judge should respect the obligation of counsel to present objections to procedures and to admissibility of evidence, to request rulings on motions, to make offers of proof, and to have the record show adverse rulings and reflect conduct of the judge which counsel considers prejudicial. *Counsel should be permitted to state succinctly the grounds of his or her objections or requests; but the judge should nevertheless control the length and manner of argument.*

(Emphasis added.) Thus, after allowing counsel to make a contemporaneous objection, and to state the grounds for that objection, the trial judge may, in the exercise of sound discretion, cut off further argument. Whether or not to permit further argument at a later time is also within the trial judge's discretion.

## IV.

■ In summary, we hold that respondent must allow the petitioner and the prosecution to make contemporaneous objections to evidence and the court's rulings, and also to state succinctly the grounds for the objections. In addition, we hold that all proceedings in open court must be recorded. In particular, if the respondent holds bench or side-bar conferences during trial, they must be on the record.[8] Accordingly, the rule to show cause is made absolute,

and the district court is directed to conduct further proceedings consistent with this opinion.

VOLLACK, J., dissents.

## APPENDIX

The following is an extract of the arguments and ruling of the February 7, 1989 hearing before the respondent:

THE COURT: ... I guess your Motion is granted in part and denied in part, in that I am not going to excuse the jury every time counsel asks to approach the bench, because I don't know whether it is going to be a "let's take a break" or, "I am out of witnesses" or what it is. And I don't want to interrupt the trial for that kind of thing. If it is a motion or an issue that the parties—either party feels needs to have a contemporaneous record made, then I am happy to do that at the request of either side—

MS. BRAKE [for the petitioner]: All right.

THE COURT: —if it seems to me that it is something that *needs* a contemporaneous record made. For example, if we need to advise a witness not to get into a certain area or something on that order—that is why hypotheticals don't make any sense here, because I don't know what is coming. The Motion is not granted in the sense that every single bench conference is going to result in the jury being put in the jury room and whatever happens at the bench being on the record. It is denied insofar as that is concerned.

. . . .

MS. BRAKE: If it is a legal issue, not a bathroom break or something incidental that needs to be litigated, and counsel wishes to have a recorded out-of-pres-

---

7. We do not hold, however, that failure to record all trial proceedings will always result in reversible error. Any such claim of error may or may not be harmless error under the facts and circumstances in a particular case. Crim.P. 52(a).

8. The petitioner's motion also asked that in chamber conferences be attended and recorded by the court reporter. Since the record does

not affirmatively show that the respondent has refused, or is going to refuse, to put conferences in chambers on the record, and because the petitioner has not briefed this issue, we decline to reach it. We point out, however, that the same considerations that require the recording of bench conferences also apply to conferences in chambers.

ence-of-the jury conference, whether it is by the reporter going to side bar, with the jury being removed—whatever, physically, whatever option the Court takes, is the Court going to grant the request to have those proceedings, legal proceedings, recorded, without a judgment by the Court whether it should be recorded or not? That is what we are asking for, Judge, is that the whole trial is recorded—under these rules and cases is to be recorded. Not—we are not talking about the situation where the Court hears a motion for mistrial, for example—an example the Court used—and hears two sentences which succinctly state the grounds, and then decides to defer or cut off further argument on the same grounds. I am not talking about those circumstances. I am talking about whether the Court will require the recording of all of the legal proceedings that are actually held as they are going on, instead of saying—having an at-the-bench conference where an objection—"Judge, objection, violation of Rule 16, somebody just said something that I haven't heard," that is not on the record; "We will hear it later," and then proceeding with the trial. Those are the proceedings that we are objecting to, and I need to know, I guess, if the Court is saying you are going to report that or not.

THE COURT: I can't answer your question because it is all hypothetical.

MS. BRAKE: It is not hypothetical, Judge.

THE COURT: What I am saying is that I believe it is within the discretion of the Court whether a contemporaneous record is made, and it is hard to answer—for example, if an evidentiary objection is made and a minimal grounds is stated in open court, and I rule, then I don't see any point in doing a contemporaneous record because the record is for purposes of the appellate court, not for me, because I have ruled. If I have made a mistake, appeal it.

MS. BRAKE: All right. I accept the Court's ruling, of course, but let me make sure it is clear for our record. My objection to that, one, is that we feel that in order to render effective assistance of counsel, it is virtually impossible in some trials and difficult in all trials to remember what exactly has been said off the record when the Court will not record it, and to repeat that later for purposes of making a later record. It is very difficult in an ongoing trial to recall everything that's happened in the past, and that is one reason why a contemporaneous record is absolutely necessary.

Secondly, there are situations where the Court—I'm concerned about the Court not allowing a full opportunity to state the grounds contemporaneously, and that is for this Court, not necessarily for the appellate court record, but for this Court so the Court can hear all the grounds, all the proposed alternative remedies to an ongoing problem and rule on that before the trial continues. Those are real problems that I see developing with the Court's ruling, and we do object to the Court trying to use discretion in whether part of the court proceedings should or should not be taken down, and we do feel that that is inadequate.

THE COURT: All right.

At the subsequent hearing on the motion on February 28, 1989, the respondent reaffirmed her previous ruling:

MS. BRAKE: ... It is our position, as explained in the Brief, that any manner of substance relating to the case, we—is required, of course, to be recorded and that we are requesting substantive matters to be recorded. If we ask to approach the bench because we need a bathroom break, that is not a matter of substance and we would not be asking that that be recorded, and I think that the Court can assume that as officers of the Court, that—

THE COURT: Oh, no I can't, Ms. Brake.

MS. BRAKE: Judge, I haven't finished my sentence. I don't know what you're willing to assume. Are you saying we're not officers of the Court?

THE COURT: No. I'm saying this argument is over. The motion is granted in part, denied in part, as it was last time.

---

## MOTION FOR RECORDED BENCH CONFERENCES AND CONTEMPORANEOUS RECORD

District Court, City and County of Denver, Colorado

The People of the State of Colorado

Plaintiff

v.

Defendant

The defendant in this case requests this court for an order requiring the contemporaneous recording of all trial proceedings, including all bench conferences, conferences in chambers, and other hearings outside the jury's presence; and for an order requiring that counsel be allowed to contemporaneously make objections, to state grounds for objections, and to propose sanctions for violations, on the following grounds:

1. This court has previously ruled in other cases that the contemporaneous recording of bench conferences and other hearings outside the presence of the jury is not required, but is discretionary with the court. This ruling by the court is wrong, and contrary to Colorado statute and case-law. Further, an examination of the law of other jurisdictions on this issue corroborates the error in the prior ruling of this court.

2. This court also has previously ruled in other cases that it is not necessary, but discretionary, to allow counsel to make a contemporaneous record of objections, grounds, and proposed sanctions. This, too, is in error.

3. When counsel recently argued this issue before this court, there had not been sufficient time [a weekend] to thoroughly research these issues. Counsel has since [the past week] done extensive research, and requests a hearing prior to the trial date in this case to have the opportunity to present additional authority and argument to this court on these issues, in an attempt to resolve this matter without the necessity of an appeal.

4. Counsel is currently preparing a brief in support of this motion [which will be filed soon] so that this court can review the additional authorities prior to the hearing.

DAVID F. VELA
Colorado State Public Defender

(s) Terri L. Brake
TERRI L. BRAKE No. 7472
Chief Deputy Public Defender

Justice VOLLACK dissenting:

The majority concludes that, absent the consent of the parties, Colorado law requires that trial proceedings be recorded contemporaneously by the court reporter. The majority's opinion is based upon a motion (see Appendix A) alleging previous violations by the court and a C.A.R. 21(a) petition alleging that similar rulings will be made in a case in which the trial has not commenced.

I dissent because the motion and petition are based on speculation as to rulings the trial judge may enter in the future, and are based on alleged rulings of the trial judge in the past that were not appealed or are pending on appeal. I believe that an opinion in the *Stephen Jones* case is premature. The petition for relief under C.A.R. 21(a) is based on hypothetical facts, making our opinion advisory in nature. *Tippett v. Johnson*, 742 P.2d 314–15 (Colo.1987); *Kemp v. Empire Savings Building and Loan Association*, 660 P.2d 899 (Colo. 1983); *People v. Campbell*, 196 Colo. 390, 589 P.2d 1360 (1978).

The limited record on the motion hearing indicates that the court would have made contemporaneous records if requested by counsel:

THE COURT: I don't want to talk any further about last week. If you have grounds for appeal, you have grounds

for appeal. We are dealing with this Motion, and I am willing to trust Mr. Callum, as a respected member of the bar in this Courtroom, to indicate if he thinks something absolutely needs to have a contemporaneous record made, and I will do that.

The trial court, in granting the defendant's motion in part and denying it in part, properly acknowledged that, upon request, it would make a contemporaneous record of bench conferences.[1] The trial judge, in denying in part the hypothetical portion of the motion, reserved to the court its discretion in the conduct of the trial. Standard 6–2.4I, *ABA Standards for Criminal Justice* (2d ed. 1980).

The majority agrees at page 530 of its opinion, holding that applying Standard 6–2.4I, "the trial judge may, in the exercise of sound discretion, cut off further argument. Whether or not to permit further argument at a later time is also within the trial judge's discretion."

In my opinion the absence of a ruling by the trial court on a current objection or offer of proof by counsel during trial renders the opinion advisory. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 374, 78 L.Ed.2d 58 (1983) (to satisfy case or controversy requirement litigant must have suffered some actual injury that can be addressed by a favorable judicial decision); *MCI Cellular Tel. Co. v. Federal Communications Comm'n*, 738 F.2d 1322, 1333 (D.C.Cir.1984) ("the mere *potential* for future injury ... is insufficient to render an issue ripe for review.") (emphasis and elipses in original) (quoting *Alascom, Inc. v. Federal Communications Comm'n*, 727 F.2d 1212, 1217 (D.C. Cir.1984)); *Metzenbaum v. Federal Energy Regulatory Comm'n*, 675 F.2d 1282, 1291 (D.C.Cir.1982) (dismissal for lack of ripeness appropriate where nothing in record shows that appellants have suffered any injury thus far, and the law's future effect remains wholly speculative). The lack of a trial record reflecting trial court rulings in this case requires the reviewing court to speculate as to whether the trial court would or would not abuse its discretion. *See People v. Cole*, 654 P.2d 830, 832 (Colo.1982) (trial courts have broad discretion in controlling mode and extent of presentation of evidence, and absent a clear abuse of discretion rulings thereon shall not be disturbed on review). The petitioner's motion prior to trial is hypothetical at best and provides no valid, reviewable record to render a judgment as to whether the trial court abused its discretion. I would discharge the rule as improvidently granted.

---

1. The majority opinion concludes that, if counsel so requests, the court must make contemporaneous records of objections which it sustains.