The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Timothy **VIALPANDO**, Defendant–Appellant.

No. 88CA0661.

Colorado Court of Appeals, Div. II.

June 28, 1990.

Rehearing Denied July 26, 1990.

Certiorari Denied Jan. 28, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Terri L. Brake, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Timothy Vialpando, appeals from the judgment entered on jury verdicts finding him guilty of sexual assault on a child and adjudicating him as an habitual criminal. We affirm.

According to the prosecution's evidence, on October 31, 1986, the 14–year–old victim was babysitting at the home of a neighbor. While watching the three children, the neighbor's boyfriend, defendant, came to the door, was admitted into the house, and eventually sexually assaulted the victim.

## I.

Defendant's initial contention is that the trial court's failure to record bench conferences constitutes reversible error. We disagree.

This case was tried prior to our supreme court's holding in *Jones v. District Court*, 780 P.2d 526 (Colo.1989) which is now controlling. In *Jones*, the court held that a judge may not conduct bench or side-bar conferences off-the-record unless the parties so request or consent. The court further stated:

> "We do not hold, however, that failure to record all trial proceedings will always result in reversible error. Any such claim of error may or may not be harmless error under the facts and circumstances in a particular case."

The standard for determining harmless error is whether the error, defect, irregularity, or variance affected substantial rights of the defendant. Crim.P. 52(a).

Here, there were thirteen bench conferences held off-the-record. Four discussions concerned the effect of the Rape Shield Statute. These conferences involved previously ruled on matters regarding the extent to which particular witnesses could be questioned and the defense's ability to make offers of proof. In three instances, bench conferences were requested by the prosecution prior to dismissing the witness. Two discussions occurred prior to short recesses as another jury in deliberation posed questions to this trial court. Another discussion was held after identification of an exhibit prior to its admittance. In one instance the parties approached the bench to discuss an objection regarding the form and substance of defense counsel's line of questioning. After this discussion, questioning resumed in the same manner as prior to the bench conference.

The prosecution also requested a bench conference regarding calling a witness out of order. Lastly, a bench conference was conducted to determine the amount of evidence remaining to be presented. Afterwards, the court called recess for the afternoon.

The record contains sufficient colloquy between court and counsel enabling this court to consider the legal issues raised by the defendant. After reviewing the record and circumstances both prior to and after the bench conferences, we conclude that the defendant's assertions of error are ascertainable from the existing record. Thus, we deem the failure to record all bench conferences in this instance to be harmless. *See Jones, supra.*

## II.

■ The defendant next contends that he was prejudiced by the trial court's failure to allow defense counsel an adequate opportunity to make contemporaneous objections and offers of proof and by disallowing questions or examination by defense counsel. The defendant claims that the cumulative effect of such actions was to deny him a fair trial. We disagree.

In reviewing the record, we conclude that the trial court acted properly and did not abandon its judicial role. The challenged incidents concerned instances in which the trial court would not allow defense counsel to proceed with a line of questioning ruled on in pretrial motions and hearings.

■ As to defendant's claim that he was not allowed to make an adequate record, we find no merit in this assertion. The record reflects that the trial court gave defense counsel opportunities to make offers of proof as to potential evidence; however, counsel was unable to make adequate offers of proof.

The purpose of a contemporaneous record is to aid appellate courts and to alleviate disputes as to the specific grounds asserted for error. *See Jones, supra.* We conclude that the defendant was not prejudiced because the trial court's rulings asserted to be error are easily discernible from the record.

## III.

The defendant next contends that the trial court improperly prohibited the defense from presenting testimony which was critical to the victim's credibility. We disagree.

### A.

■ Defendant filed a pretrial motion requesting permission to offer certain evidence affecting victim's credibility. The trial court granted defendant's request by stating that: "Evidence not allowed in people's case-in-chief may be allowed in defendant's case." However, defendant does not cite a single instance in which he was denied the opportunity to impeach the victim's credibility. In fact, a lengthy cross-examination was conducted regarding a witness' opinion as to victim's truthfulness and credibility. Thus, the defendant was not prejudiced by the trial court in this regard.

### B.

Defendant also asserts that he was prohibited from extensively cross-examining

the victim as well as from making an offer of proof.

■ Defense counsel may not properly propound to a witness questions which can cause a doubt in the jury's mind as to the witness' credibility when there is no reasonable basis in fact for that interrogation. *See People v. Simbolo*, 188 Colo. 49, 532 P.2d 962 (1975); § 18-3-407, C.R.S. (1986 Repl.Vol. 8B).

■ Here, defense counsel asked the victim several questions, some of which were based on information not in evidence. Upon the prosecution's objections, and defense counsel's inability to make an offer of proof, the defense changed its line of questioning. Eventually defense counsel *voluntarily* ceased questioning the victim and reported to the court, "Your honor, the rest of my questions I will not ask, pursuant to the court's order." The trial court responded, "You do not have an offer of proof on them, is that correct?" Defense counsel replied, "That's correct, your honor, because I don't know what the answer is."

In light of this discussion, we conclude that the defendant was not prejudiced by the trial court's limitation of cross-examination. *See People v. Deeds*, 712 P.2d 1055 (Colo.App.1985), *aff'd*, 747 P.2d 1266 (Colo. 1987).

### C.

■ Defendant next contends that he was precluded from having a witness identify another male who allegedly had sexual relations with the victim near the date of the sexual assault.

The defendant claims that this testimony was relevant and admissible for purposes of impeaching the victim's prior testimony. However, after reviewing the record, we conclude that the trial did not commit reversible error by disallowing extensive testimony on this subject.

Defendant was given the opportunity to lead the witness directing his attention to events surrounding October 31, 1986, the date of the sexual assault. However, the trial court refused to permit defense counsel to name the male the victim allegedly had relations with some days prior to the assault.

The trial court summarized to defense counsel:

"That is a violation, in my opinion, of the Rape Shield Statute. You did not file anything about this, and had you been able to tie this alleged sexual intercourse into the injuries, you wouldn't have a problem under the Rape Shield Statute. . . ."

Defense counsel asserted the relevance of this sexual relationship because the victim had told her treating physician that she had not had intercourse prior to the date of the offense. The trial court found no such relevance.

We conclude, that based on the requirements of both CRE 403 and § 18-3-407, C.R.S. (1986 Repl.Vol. 8B), defendant did not establish that he was entitled to elicit the name of the male whom the victim allegedly had intercourse with days before the date of the sexual assault.

### IV.

■ The defendant next asserts that the trial court erred by improperly prohibiting defense counsel from cross-examining a medical expert on the strength of his opinion. We disagree.

The expert opined on direct examination that the bruises the victim sustained were consistent with forced intercourse.

On the initial cross-examination, defense counsel extensively questioned the expert on the strength of his opinion.

■ No new issues were raised during redirect-examination. Accordingly, the trial court was not required to grant the defense an opportunity to recross-examine the witness.

Nevertheless, defense counsel was allowed a second cross-examination. However, the trial court limited counsel's questions regarding the strength of the expert's opinion since that issue had already been covered extensively in the initial cross-examination. Defense counsel had an ample

opportunity for comprehensive cross-examination of this witness and the limitation imposed during the second cross-examination was not error.

## V.

The defendant next asserts the trial court erroneously admitted the testimony of an incompetent child. We disagree.

Section 13–90–106(1)(b)(I), C.R.S. (1987 Repl.Vol. 6A) provides that children under ten are precluded from testifying only when they "appear incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly."

■ The determination as to the competency of a child to testify is within the sound discretion of the trial court. *See People v. Hise,* 738 P.2d 13 (Colo.App. 1986); *People v. Lancaster,* 43 Colo.App. 328, 605 P.2d 67 (1979), *aff'd,* 200 Colo. 448, 615 P.2d 720 (1980). The trial court's determination will not be disturbed absent an abuse of that discretion. *See Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971).

■ Here, the trial court questioned the child witness, a seven-year-old girl, and found that she knew her grade in school, the defendant by his first name, that the day was "Bronco" day, and that various people were dressed accordingly, the difference between the truth and a lie, and the consequences for telling one or the other. Additionally, the child told the court that she promised to tell the truth in court.

Neither counsel questioned the child witness' ability to observe and relate facts accurately. And, based on the colloquy between the court and the child, we conclude that the trial court did not abuse its discretion in deeming the child-witness competent.

## VI.

■ The defendant also contends that the trial court improperly admitted hearsay evidence of a threatening phone call received by victim's mother from an unidentified male. We disagree.

Over objection, the prosecution was allowed to present testimony from two witnesses who testified that an unidentified male had telephoned the victim's home about a week after the assault threatening harm. The defendant asserts that because the victim's mother could not identify the voice, the phone call was inadmissible.

Here, the prosecution did not try to establish that the voice on the telephone belonged to the defendant. Nor did the prosecution attempt to prove who made the threatening phone call.

Furthermore, the defense utilized the opportunity to impeach these witnesses during cross-examination. Uncertainty as to the identity of a voice reflects on the weight to be given the evidence and not its admissibility. *See People v. Gable,* 647 P.2d 246 (Colo.App.1982). Thus, the trial court properly admitted this testimony.

## VII.

The defendant also asserts that, both during closing argument and on rebuttal, the prosecutor made numerous improper statements which had the cumulative effect of denying him a fair trial. We disagree.

Although there were no objections made by defendant at trial, he now contends that the trial court should have intervened and prohibited the prosecution from making such remarks.

■ Crim.P. 52(b) permits an appellate court to consider an alleged error which was not brought to the attention of the trial court if the error affects the substantial rights of the defendant and it is "plain error." *Vigil v. People,* 196 Colo. 522, 587 P.2d 1196 (1978). Only error which is obvious and grave can rise to the status of plain error. *People v. Peterson,* 656 P.2d 1301 (Colo.1983).

■ Prosecutorial misconduct must be flagrantly, glaringly, or tremendously improper before it can be classified as plain error. And, even then, such conduct provides a basis for reversal, "only where there is a substantial likelihood that it affected the verdict or deprived the defendant of a fair and impartial trial." *See*

*People v. Constant,* 645 P.2d 843 (Colo. 1982).

■ In considering whether prosecutorial remarks are improper, the reviewing court must weigh the impact of those remarks on the trial but must also take into account "defense counsel's opening salvo." *See Wilson v. People,* 743 P.2d 415 (Colo. 1987). A prosecutor is afforded considerable latitude in the right to reply to an argument by opposing counsel. *See Hafer v. People,* 177 Colo. 52, 492 P.2d 847 (1972).

■ The record reflects that defense counsel invited the prosecutor's responses which defendant now claims constitute reversible error.

Defense counsel's closing argument, among other things: characterized the prosecution's case as a "smoke screen"; suggested the evidence in the case was "dirty" and had "no place in the courtroom"; accused the prosecution of being reckless; and asked and answered his own question as to the victim's credibility.

Under these circumstances, we conclude that the prosecutor's comments and arguments did not rise to the level of plain error.

### VIII.

Defendant lastly contends that the trial court improperly denied his motion to dismiss the habitual criminal charges on grounds that a 1973 conviction for rape and a 1977 conviction for assault were constitutionally infirm. We disagree.

### A.

■ Regarding the 1973 conviction, the defendant asserts that the conviction is void because the district court which convicted him lacked jurisdiction. Defendant bases this claim on his appearance in prior juvenile adjudications without representation by an attorney.

At the transfer hearing for the 1973 offense, which resulted in the defendant being charged in the district court, the juvenile court considered the defendant's prior adjudications. Because of the court's consideration, defendant claims that the transfer to district court was *ipso facto* constitutionally infirm.

Although defendant's previous record was one consideration in determining whether to transfer defendant to district court, the statute in effect, 1969 Perm. Supp., C.R.S.1963, § 22–3–8, set forth other factors to be considered. One of those factors is whether the offense was against persons or property. As this conviction was for a class 3 felony rape, we conclude that the incident itself could have provided grounds for transferring the case to district court.

Additionally, the record reflects that defendant's counsel, present at the 1973 transfer hearing and subsequently at the time of defendant's plea to rape, did not raise the issue that the transfer hearing may have been based on any convictions that were unconstitutionally obtained.

### B.

■ As to the assault conviction, defendant asserts that when he "tendered his guilty plea in 1977, the court erroneously advised him he could be sentenced to an indeterminate sentence, up to ten years." Defendant claims that this would have been a correct advisement for a person without prior felony convictions within the previous five years; however, as to him, this advisement was incorrect because of his 1973 guilty plea.

In 1977, the trial court advised defendant of the potential sentence for entering a plea to a class 4 penalty, and the court established on the record that the only promise inducing defendant's plea was the prosecution's agreement to drop other pending charges. Defendant requested that his sentence be indeterminate and concurrent. Defendant's request stated in part that he was eligible for such sentencing and that this present offense was his only adult conviction.

The defendant's request was granted. Now defendant claims that although he misrepresented the 1977 assault to be his only adult offense, thus his first felony

conviction, the trial court's sentence was illegal.

Defendant received a substantial benefit by pleading guilty to the 1977 charge of assault. As a result, other pending charges against him were dismissed, and he was sentenced as if it were his first felony conviction. Thus, we conclude that defendant's substantial rights were not affected, and no reversible error occurred. *See People v. McKnight,* 626 P.2d 678 (Colo.1981).

Accordingly, the judgment is affirmed.

SMITH and METZGER, JJ., concur.