23CA0213 Peo v Diaz 12-31-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0213
Adams County District Court No. 21CR333
Honorable Jeffrey Smith, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

David Gerald Diaz,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE LUM
Tow and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 31, 2025

---

Philip J. Weiser, Attorney General, Grant R. Fevurly, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, James S. Hardy, Lead Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, David Gerald Diaz, appeals his convictions for trafficking of a minor for sexual servitude (sex trafficking), sexual assault on a child, and sexual exploitation.  We affirm.

## I.    Background

¶ 2    Diaz's adopted daughter's close friend, K.H., accused Diaz of engaging in inappropriate behavior toward her, beginning around the time she was in seventh grade.  K.H. alleged that Diaz (1) offered her money in exchange for sexual acts and nude photos; and (2) touched her buttocks, breasts, and thighs on multiple occasions.  During trial, K.H. testified generally about these events and said they happened frequently, but she didn't testify about specific dates or give explicit details of each occurrence.  Defense counsel primarily argued that K.H.'s "fuzzy" recollection of events made her allegations unreliable and not credible.  A jury convicted Diaz of sex trafficking, sexual assault on a child, and sexual exploitation, but it acquitted him of contributing to the delinquency of a minor.

¶ 3    Diaz raises three issues on appeal.  First, he argues that the trial court erred by excluding evidence about K.H.'s prior sexual experience under the rape shield statute.  Second, Diaz contends the trial court erred by allowing the prosecution to introduce K.H.'s

prior inconsistent statement without proper foundation. And third, he asserts that these errors cumulatively deprived him of his due process right to a fair trial. We address each argument in turn.

## II. Admissibility of Evidence Under Colorado's Rape Shield Statute

¶ 4 Diaz argues that the trial court erroneously excluded evidence of K.H.'s sexual history after the prosecution "opened the door" when K.H. testified that she was unfamiliar with certain sexual acts. We disagree.

## A. Additional Background

¶ 5 During direct examination of K.H., the prosecutor asked K.H. to review a text message in which Diaz asked, "Do you want to sit on a happy face?" When asked what this message meant to her, K.H. testified, "That [Diaz] wanted to go down [perform oral sex] on me but in a different way." The prosecutor asked if K.H. could explain what she meant by "in a different way" and K.H. said, "Honestly, I don't know. I never done any of that. So I could only guess, like, him sitting — or laying down."

¶ 6 During a break later in the day, defense counsel said that she had "information" that conflicted with K.H.'s statement that she

2

hadn't done "this stuff" before and asserted that K.H.'s testimony opened the door to its admission. The trial court concluded that any evidence about whether K.H. had "engaged in that type of conduct at some point in time" wasn't relevant to the charges against Diaz and precluded defense counsel from cross-examining or impeaching her with it.

### B. Applicable Law and Standard of Review

¶ 7    We review a trial court's evidentiary rulings, including rulings on admissibility under the rape shield statute, for an abuse of discretion. *People v. Cook*, 2014 COA 33, ¶ 34.

¶ 8    Under the rape shield statute, evidence of a victim's prior or subsequent sexual activity is presumed irrelevant except (1) to show "prior or subsequent sexual conduct with the actor"; (2) to show "the source or origin of semen, pregnancy, disease, or any similar evidence of sexual intercourse"; or (3) if the defendant makes an offer of proof showing that the evidence is relevant to material issues in the case. § 18-3-407(1)(a)-(b), (2)(e), C.R.S. 2022;[1] *see also People v. Harris*, 43 P.3d 221, 226 (Colo. 2002) (noting that the

---

[1] Throughout this opinion, we cite the version of the rape shield statute in effect at the time of trial in this case.

rape shield statute balances the "defendant's rights and the victim's privacy interest" by limiting evidence of the victim's sexual history and admitting such evidence only upon a showing that the evidence is relevant and material).

¶ 9     A party intending to offer evidence of the victim's prior sexual activity must file a written motion that includes an offer of proof establishing how the evidence overcomes the presumption of irrelevance. § 18-3-407(2)(a). Absent good cause, a motion must be filed at least thirty-five days before trial. *Id.* "An in camera hearing may be held during trial if evidence first becomes available at the time of the trial or for good cause shown." § 18-3-407(2)(d).

¶ 10    The concept of "opening the door" generally "represents an effort by courts to prevent one party in a criminal trial from gaining and maintaining an unfair advantage by the selective presentation of facts that, without being elaborated or placed in context, create an incorrect or misleading impression." *People v. Murphy*, 919 P.2d 191, 195 (Colo. 1996). A defendant may overcome the rape shield's presumption that evidence of the victim's past sexual conduct is irrelevant "if the prosecution makes the evidence relevant by 'opening the door' to the evidence." *Id.* However, the defendant

must still make a sufficient offer of proof showing that the evidence is relevant to a material issue in the case. *Id.* at 197.

### C. The Trial Court Didn't Err by Excluding the Evidence

¶ 11 Defense counsel made no offer of proof before trial and during trial only said, "[W]e do have information to the contrary. We believe that statement opened — opens the door and pierces the rape shield layers; so we just submit that to the Court." Diaz argues that the evidence was relevant to show that he didn't commit the acts charged. However, Diaz doesn't explain — and we can't discern — how evidence of K.H.'s sexual experience with a third party tends to prove or disprove that Diaz committed any of the charged crimes.

¶ 12 To the extent Diaz contends that the evidence impugned K.H.'s credibility by showing that she lied about her sexual experience when describing how she interpreted Diaz's text message, the trial court didn't abuse its discretion by concluding that Diaz didn't overcome the presumption of irrelevance. First, defense counsel's offer of proof didn't adequately explain the nature of the evidence to facilitate the trial court's (or our) review. *See Itin v. Ungar*, 17 P.3d 129, 136 (Colo. 2000) ("An offer of proof must sufficiently inform the

court of the nature and substance of the proposed evidence both to enable the trial court to exercise its discretion . . . and to provide a basis for appellate review."). We can assume from context that the "information" defense counsel sought to elicit was that K.H. had engaged in some sexual act at some point in time. But it's unclear what K.H. meant when she said she hadn't "done any of that." She could have meant the specific sexual position that she thought Diaz was describing in his text message, oral sex, or any sexual act. Given the lack of detail about the defense's "information," it's unclear from the record whether the excluded evidence would have impeached K.H.'s credibility at all.

¶ 13    In any event, a "defendant cannot introduce evidence of a victim's prior sexual history to attack the credibility of a victim as a witness." *People v. Daley*, 2021 COA 85, ¶ 136 (citation omitted); *see also People v. Vialpando*, 804 P.2d 219, 223 (Colo. App. 1990) (concluding that the trial court didn't err by excluding evidence of prior sexual conduct offered for the purpose of demonstrating that the victim lied when she told her physician that she hadn't had sexual intercourse before the date of the offense). Admitting evidence of K.H.'s sexual experience solely to attack her credibility

is exactly what the statute aims to prevent: embarrassing "fishing expeditions" into a victim's sexual history. *People v. McKenna*, 585 P.2d 275, 278 (Colo. 1978).

¶ 14     For these reasons, we conclude the trial court didn't abuse its discretion by excluding evidence about K.H.'s prior sexual conduct.

### III.    Prior Inconsistent Statement

¶ 15     Diaz next argues that the trial court reversibly erred by admitting testimony that K.H. had previously told a forensic interviewer that Diaz offered her 100 dollars in exchange for performing oral sex on her. Specifically, he contends that the trial court improperly admitted the testimony as a prior inconsistent statement because the foundation for its admission was lacking. We discern no reversible error.

### A.    Additional Background

¶ 16     During direct examination of K.H., the prosecutor asked about times Diaz offered her money for sexual acts. K.H. said this happened "many times," and although she couldn't remember "exactly when and where," she said it mostly happened "in the car." She also testified that Diaz would say things like, "I'll give you a hundred dollars . . . I just need permission." When asked if Diaz

7

ever offered to perform sexual acts on her, K.H. testified that Diaz would sometimes say he "would want to go down on [her]" and "more than once" offered her money in exchange for that act.

¶ 17    Later, during the forensic interviewer's direct examination, the prosecutor asked the interviewer if K.H. ever told her that Diaz said, "I'll give you a hundred dollars if you let me go down on you." The interviewer responded, "Yes, she did tell me that."

### B.    Applicable Law

¶ 18    The use of a witness's prior inconsistent statement during trial is governed by section 16-10-201, C.R.S. 2025, and CRE 613. Rule 613(a) allows the use of prior inconsistent statements for impeachment purposes, but the examiner must first call the witness's attention to the time and place the statement was made. Section 16-10-201 allows parties in criminal cases to use prior inconsistent statements as substantive evidence if (1) the witness has the "opportunity to explain or deny the statement" while testifying or is available to further testify during the trial and (2) the prior inconsistent statement is a matter within the witness's own knowledge. § 16-10-201(1)(a)-(b).

## C. Preservation and Standard of Review

¶ 19    We reject Diaz's argument that he preserved this issue for review. While talismanic language isn't required to preserve an objection, a party must draw the trial court's attention to the asserted error to give the court a meaningful opportunity to correct or prevent it. *Rael v. People*, 2017 CO 67, ¶ 17. At the start of the testimony at issue, Diaz objected to a leading question. The prosecutor then said that it was "follow up to . . . impeachment" of K.H.'s prior testimony under section 16-10-201, but Diaz didn't object further. This wasn't sufficient to call the court's attention to the impeachment error Diaz raises on appeal. *People v. Ujaama*, 2012 COA 36, ¶ 37 (An issue for review is unpreserved when a party makes an objection "on unspecific grounds which would not have alerted the trial court to the issue of which the [party] now seeks review.").

¶ 20    Accordingly we review this issue for plain error. *Hagos v. People*, 2012 CO 63, ¶ 14. For an error to be plain, it must be both "obvious and substantial." *People v. Miller*, 113 P.3d 743, 750 (Colo. 2005). To be substantial, the error must "so undermine the fundamental fairness of the trial itself as to cast serious doubt on

the reliability of the judgment of conviction." *Hoggard v. People*, 2020 CO 54, ¶ 13 (quoting *People v. Weinreich*, 119 P.3d 1073, 1078 (Colo. 2005)).

## D.    Analysis

¶ 21    Diaz contends it was improper to admit, through the forensic interviewer, K.H.'s statement that Diaz said, "I'll give you a hundred dollars if you let me go down on you," because the prosecutor never asked K.H. about the specific statement, nor did the prosecutor give her the opportunity to explain or deny it.

¶ 22    However, even if we assume — without deciding — that the trial court erred and that the error was obvious, it wasn't substantial.  K.H. testified that there were many times Diaz offered money in exchange for sexual acts, including that he offered to "give [her] a hundred dollars" and would sometimes offer money to "go down on [her]."  In other words, K.H.'s testimony covered the substance of her prior statement to the forensic interviewer, if not the exact phrasing.  And we don't perceive that the jury would have had a significantly more negative view of K.H.'s credibility without the interviewer's testimony regarding her statement.  Thus, any

error in admitting K.H.'s statement doesn't cast serious doubt on the reliability of Diaz's conviction.

## IV. Cumulative Error

¶ 23 Lastly, Diaz argues his convictions should be reversed because the errors cumulatively deprived him of his due process rights to a fair trial and impartial jury. To be entitled to a new trial under the doctrine of cumulative error, a defendant must show that "the cumulative effect of [multiple] errors and defects substantially affected the fairness of the trial proceedings and the integrity of the fact-finding process." *Howard-Walker v. People*, 2019 CO 69, ¶ 24 (quoting *People v. Lucero*, 615 P.2d 660, 666 (Colo. 1980)). We have identified only one assumed error in this case and concluded it wasn't substantial. The doctrine of cumulative error is therefore inapplicable.

## V. Disposition

¶ 24 For these reasons, we affirm the judgment of conviction.

JUDGE TOW and JUDGE MOULTRIE concur.